## H. H. BROOKS ET AL. *v.* H. E. SPANN.

1. BILL IN CHANCERY. *Amendment of. Anticipation of defense.*

   S., a legatee in her deceased father's will, exhibited a bill against the residuary legatees and devisees therein to fix a charge for the payment of her legacy on the property received by the defendants from the testator's estate. The defendants pleaded *res adjudicata.* S., on leave obtained, amended her bill so that it now set out not only her right to the legacy, but also that the suit in which the decree so pleaded was rendered was instituted and prosecuted without her consent, knowledge, or procurement. The executors of the will were parties to the decree assailed, but not to the present suit. It was shown that the estate had been fully administered, and all of it received by the defendants. The defendants demurred to the bill on the ground that the amendment set up a different case from that presented in the bill, and sought different relief. *Held,* that the amendment simply anticipated the defense and met it, and therefore the ground of demurrer was untenable.

2. LIMITATION OF ACTIONS. *Right to legacy. Married woman. Petition to annul decree.*

   Under the Code of 1880 the right of a married woman or any other person to have annulled a decree in a suit apparently brought by her to recover a legacy is by analogy to a right of appeal or a bill of review, and to the right to surcharge and falsify the accounts of executors, administrators, and guardians, under §§ 2680, 2681, and 2075, limited to two years, and cannot be extended by the fact that a bill seeking such annulment also seeks to recover the legacy, the right to which, but for the decree against her, might be asserted at any time within six years.

3. DECREE. *Bill to annul. Excuse for delay in filing.*

   Where a bill to annul a decree is exhibited more than two years after the rendition of the same, it must set out a valid excuse for the delay in instituting the suit, as that the complainant had no knowledge of the existence of the decree, or of such facts as would reasonably have put him on inquiry, and led him to discover that such decree had been rendered within two years preceding the exhibition of his bill.

APPEAL from the Chancery Court of Lowndes County.

HON. F. A. CRITZ, Chancellor.

The case is stated in the opinion of the court.

*Orr & Sims,* for the appellants.

1. The amendment changed the whole character of the suit and the litigation. The first bill was a proceeding *in rem*—to establish ap-

pellee's right to one-fourth of the land of her father's estate, and for six thousand dollars legacy and twenty-six years' interest. The bill is to vacate a decree; to overhaul a final settlement made by executors nineteen years ago, each of whom are in their graves; to conglomerate all the issues in this suit with all the issues in the other; to force H. H. Brooks, Mary Helm, and S. Alice Brooks to join in issues with George N. Hairston, as administrator of the estate of George Hairston, deceased. This is carrying the doctrine of amendment to an absurd extent. *Emerson* v. *Wilson*, 34 Am. Dec. 697; 27 Am. Dec. 88; 16 Am. Dec. 407; 2 Am. Dec. 415, and note 417.

2. The peculiar facts in this case, as presented by the bill and exhibits under the demurrer, furnish abundant reason why this court should adhere to the law as settled for many years in this State.

All of the evils adverted to by Judge Woodruff in *Hamilton* v. *Wright*, 37 N. Y., will be incurred by the appellants if this court abandons the sound rule of holding parties bound by the judicial records of the county, and the conduct of judges and attorneys in making up these records.

3. The statute of limitations would afford protection to the three children of Thomas B. Brooks if a properly framed bill was filed, and so it would be for the representatives of the executors under the decree of the court auditing their final settlement in 1868.

*Wm. Baldwin*, for the appellee.

1. In this State amendments to pleadings in chancery have been refused where the party abandoned his right to the subject-matter of the controversy as asserted in his original bill and came in by amendment to assert a different right, springing from different relations to the subject-matter. In such cases the amendment presented an absolutely new case, dependent upon entirely new rights, and of course could not be held to be a legal development of the former proceeding.

Not so in this case. By the original bill a certain relief is asked, based upon certain rights asserted. But an outwork is presented by plea, which must be taken before the substance can be reached, to wit: the former adjudication in case No. 206. Now,

the amended bill seeking and asking the *same relief, based on the same rights*, asks the court to examine and determine the validity of this barrier, and after removing that to grant the relief sought by the original proceeding.

There is no change of purpose, nor of parties, nor of right, nor of relationship to the subject.

2. *Duncan* v. *Gerdein,* 59 Miss. 555, is conclusive as to the right of appellee to attack the decree.

3. The land of the deceased was charged with the trust of paying this legacy. *Knott* v. *Bailey*, 54 Miss. 235; *Heatherington* v. *Lewenberg*, 61 Miss. 372. And such trusts are governed by § 2696 of Code of 1880. *Templeton* v. *Hopkins*, 45 Miss. 424.

COOPER, C. J., delivered the opinion of the court.

Appellee exhibited her bill in the Chancery Court of Lowndes County against the residuary legatees and devisees of T. C. Brooks, to fix upon the property received by them a charge for the payment of a legacy given her by the testator, her father. To this bill the defendants interposed a plea, or *res judicata*, averring that in the year 1868 the complainant, by W. C. Brooks, her next friend, had exhibited her bill in chancery against the executors and the defendants to enforce the payment of the legacy now sued for; that the executors had filed an answer and cross-bill setting up, among other defenses, an ademption of part of the legacy and payment of a part; that on final hearing it was decreed that complainant was not entitled to recover, and her bill was dismissed at her costs. Upon the filing of this plea the complainant asked and obtained leave to amend her bill, which was done, and the bill as amended, after showing the right of complainant to the legacy, charged that the defendants pretended that there had been former proceedings touching the same subject-matter. She set out by apt words the proceedings referred to in the former plea, and made the record in that cause a part of her bill, and averred that the said suit was instituted and prosecuted without her consent, knowledge, or procurement; that neither the party who appeared therein as her next friend nor the attorneys by whom the bill was filed

had ever been authorized or employed to institute such suit, and that she neither knew nor consented to their action. To this amended bill the defendants interposed a demurrer, which was overruled by the court, and from that action this appeal is prosecuted.

The demurrer contains many grounds of objection, only a few of which we deem it necessary to examine.

One ground of demurrer is that by the amendment the complainant made a different case from that set out in her bill, making it, in fact, a new bill founded on a totally different set of facts and seeking wholly different relief; another is that on the face of the bill no equity appears, and another is that the complainant is barred by the statute of limitations.

The first objection is untenable. The complainant might have exhibited a bill for the single purpose of annulling the former decree, and, succeeding in that, have proceeded by a separate suit to recover the legacy, but there is no reason why she may not in this suit brought for the legacy anticipate the defense of her adversaries and attack and overthrow the decree by which it is sought to be sustained. It is true the executors were parties to the decree assailed, and are not parties to this suit. But the bill shows that the estate has been fully administered by the executors, who are now dead, and that the defendants have received from them the whole estate that was not lost by the emancipation of the slaves by the result of the civil war. The executors were parties as representatives of the estate, and in that character only. The defendants are now in their own persons such representatives, since they hold and claim the whole estate, and their right to it is uncontroverted save by the complainant.

In considering the other objections made by the demurrer, it is important to note that the bill is separable into two parts, for though its ultimate purpose is the single one of compelling payment of the legacy claimed, it is yet a bill to vacate and annul a decree and a bill to collect a debt. The right to the legacy considered without regard to the former proceeding and decree is a right in action in Mrs. Spann against which she, being covert, no statute of

limitations began to run until the adoption of the Code of 1880 (November 1, 1880), by which the disabilities of married women were removed, and as a consequence they became as other persons are, subject to the bar of the 'statute of limitations. In this aspect of the case complainant would not be barred, since against the right propounded by her the statute of six years would be the shortest one which could be applied, and that time has not elapsed since the code went into operation.

But in the assertion of her claim complainant finds herself confronted by a decree made by a court of competent jurisdiction in a suit professedly prosecuted by her, by which the identical relief now sought was denied. This decree, however erroneous it may be, presents, if valid, an insurmountable obstacle to the present suit; it must be attacked and nullified, or all controversy over its subject-matter is by it forever concluded.

While the complainant may, in this one action, seek both to annul the decree and to collect the legacy, she cannot, by combining the two, extend the time allowed her for a direct attack on the decree to that in which it is permitted her to sue for the legacy. If there is, therefore, any express statute of limitations, ·or any which a court of equity will adopt by analogy, which will bar her right to attack the decree, she may not, in attacking the decree, invoke that which would apply to the claim for the legacy if the decree did not exist.

There is no statute of limitations applicable by its terms to the right to annul the decree, but in the absence of such statute the court will adopt that one which is applicable to analagous rights. By §§ 2680 and 2681 of the Code of 1880, the time in which bills of review and appeals may be prosecuted is limited to two years, and by § 2075 a like limitation is imposed upon the right to surcharge and falsify the accounts of executors, administrators, and guardians. It thus appears that for errors of law or fact, in the classes of cases named in these statutes, a uniform limitation of two years has been declared, and within such time, we think, persons having notice of decrees affecting their rights, which for fraud or other sufficient reasons should be vacated by the courts, ought to take action, fail-

ing in which, relief should be denied.    Plymouth v. Russell Mills, 7 Allen 438; Evans v. Bacon, 99 Mass. 213; Gordon's Admr. v. Ross, 63 Ala. 363.

The bill in this case does not state when or under what circumstances the complainant first learned of the existence of the decree attacked.    It impliedly admits long knowledge of the facts by putting forth as an excuse for the delay in instituting her suit the fact that she had been continuously covert, and assumes that coverture not only prevented all statutes of limitations from running against her, but debarred her of access to the courts.    This is a misapprehension of the effect of coverture.    The disability of a married woman to sue has been in later days a fiction, derived from the common law rule of her absorption by the husband, on which there has been afforded to her by legislation certain privileges and immunities which are commonly designated by the courts as shields for her defense, but which in actual combat have often been found to be singularly effective as weapons of assault.    But certainly since the adoption of the Code of 1880, which contains the limitation which we apply in this case, the complainant has been as capable of asserting her rights as any *femme sole*, and it was incumbent on her to show by her bill some excuse for not having commenced her suit within the two years.    In *Badger* v. *Badger*, 2 Wallace 94, the court in stating the rule on this subject said: " The party who makes such an appeal should set forth in his bill specifically what were the impediments to an earlier prosecution of his claim, how he came to be so long ignorant of his rights, and how and when he came to a knowledge of the matters alleged in his bill, otherwise the Chancellor may justly refuse to consider his case on his own showing without inquiry whether there is a demurrer or formal plea of the statute of limitations contained in the answer."    Because more than two years had elapsed after the adoption of the Code of 1880 before complainant exhibited her bill, and because there is no averment in the bill that the complainant had no knowledge of the rendition of the decree which she now attacks, and no knowledge of such facts as would reasonably have put her on inquiry, which would have discovered the fact that the

decree had been rendered, until within two years of the exhibition of her bill, the demurrer should have been sustained.

The complainant, upon the filing of her bill, commenced to prepare her case for trial by taking testimony, as she had the right to do, Code of 1880, § 1941; this evidence is certified to us in the record, and though on demurrer it is not to be considered, we have looked at it with a view of determining whether on the facts disclosed by the evidence the bill might be amended. In our opinion the evidence is so strongly suggestive of knowledge, if not assent to what was done, that an amendment could not be made and supported which would warrant relief.

*The decree overruling the demurrer is reversed. The demurrer is sustained and bill dismissed.*