## M. P. METCALFE v. A. H. PERRY ET AL.

1. TAX-TITLE. *Taxes paid before sale. Section 7, act 1860, not applicable.*
   Under the act of February 10, 1860 (Laws 1859–60, p. 213, § 7), the provision that no suit should be brought to invalidate a tax-title but within five years from the date of sale, was not intended to apply to a case in which *the taxes had been paid before the sale.*

2. TAXES PAID. *Owner unaffected by sale.*
   One who has paid the taxes due on his land is unaffected by a sale of the same for taxes or by the lapse of time under the statute.

3. BILL TO CONFIRM. *When not premature.*

A purchaser at a tax sale may file a bill to confirm his title after the expiration of the general period for redemption fixed by the statute, without waiting for the expiration of the additional time for redemption allowed to those under disability.

4. BILL ATTACKING DECREE. *Must explain complainant's delay.*

After decree in such case, one who seeks, after the period for appeal or bill of review, to attack and reopen the decree, because of want of knowledge of the proceeding, should not only show such want of knowledge and of all matters calculated to put him on inquiry, but must show special circumstances sufficient to excuse such ignorance.

5. REDEMPTION. *Right of infants after confirmation.*

The right of infants after attaining their majority to redeem land sold for taxes is unaffected by such proceeding to confirm.

6. CONFIRMATION OF LEVEE TAX-TITLE.

Section 578, code 1880, providing for confirmation, applies to tax-titles at sales for taxes due the levee board. *Belcher* v. *M'hoon,* 47 Miss. 613, cited.

APPEAL from the chancery court of Washington county.

HON. W. R. TRIGG, Chancellor.

By an act of the legislature, approved February 10, 1860, entitled, " An act for the better security of titles to lands held and claimed under tax sales and tax-titles," it is provided that any person claiming land under any tax-deed may, " after the period limited by law for the redemption thereof," proceed to have the title made " perfect and valid against all parties claiming or having any interest in such lands which existed at the time the same were sold for taxes."

The proceedings for confirmation and the effect of the decree, are substantially the same as under § 578, code 1880.

Section 7 of said act is as follows : " That all sales of lands hereafter made for the non-payment of taxes due under any law of this state shall be valid to all intents and purposes, said lands subject to redemption as provided by law, and that no such sale shall be impeached or questioned in any manner, or for any cause, saving fraud or mistake in the assessment or sale of the same or upon the proof that the tax for which the same were sold had been paid prior to such sale, and no suit to set aside any title acquired under

such sale, hereafter to be made, shall be brought unless within five years from the date of the sale."

The land in controversy was sold in 1869, for the levee taxes of 1868, and bought by the levee board. The title of the latter was conveyed by Gwin and Hemingway, commissioners of the chancery court of Hinds county, in the case of *Green* v. *Gibbs* (54 Miss. 592), to Mrs. Metcalfe, the appellant. In 1882 she filed her bill in the chancery court of Washington county to confirm her title, making all persons claiming title and interest, etc., parties by publication, without making any persons parties by name, and making the required affidavit as to their names being unknown. A decree was had confirming her title.

This bill was exhibited in 1887, by appellees, claiming to be owners of the land, seeking to annul the said tax-deed and decree confirming it. Appellees in their bill set out, besides the foregoing facts, that they are the children and sole heirs of one Haile, who died in 1864, owning the said lands ; that they were allowed by law two years after becoming of age to redeem ; that at the time the said bill to confirm was filed by appellant the complainants were respectively nineteen and twenty-one years old, and consequently the two years allowed them after coming of age to redeem had not expired ; that Mrs. Metcalfe knew, when she filed the bill to confirm her title, the names and residence of these two appellees, and of their interest in the land, but did not make them parties by name ; that they were wholly ignorant of said suit to confirm and the decree until a few weeks before this their bill was filed. Complainants allege further, among other reasons why the tax-title of appellees was void, that "they well and truly paid all the taxes due upon the lands for the year 1868." They pray for cancellation of the tax-deed and that the decree of confirmation be vacated. Nothing is positively averred as to the possession of the land since the sale for taxes, but the bill prays for an account against appellant for rents and profits.

Mrs. Metcalfe, the appellant, demurred to the bill, contending that her title had been properly confirmed by the decree of the chancery court, and appellees were concluded thereby ; that the

bill was bad as a bill for rehearing because the time prescribed by law had elapsed; that it is bad as a bill for redemption, because the period for redemption had expired, and that complainants were barred by the statute of limitation of five years prescribed by the act of 1860.

Mrs. Metcalfe appeals from the decree overruling the demurrer.

*Yerger & Percy,* for appellant.

1. The decree confirming the tax-title of appellant was rendered by a court of competent jurisdiction, and will be presumed to have been correctly rendered. Freeman on Judg., § 124. Said suit was in strict compliance with § 578, code of 1880, and all persons claiming any interest in the land were made parties, as the statute provides, so that the court had jurisdiction of the persons and subject-matter, and all claimants are concluded by the decree.

2. The suit was not prematurely brought. The language of § 578, " when the period for redemption has expired," should be construed to mean two years from the date of sale for taxes. It was not contemplated that a purchaser at tax sale should sit still and not enjoy the fruits of his purchase for twenty-two years, that he might see whether there was some minor interested who desired to redeem. He need not look beyond the face of the law under which he purchased and his tax-deed to see if the period of redemption has expired.

3. The title acquired by appellant, by virtue of the confirmation proceedings, was voidable, subject to redemption until after the expiration of three years after appellee became of age. Then, as they did not redeem, the title became absolute. They ask here, not to redeem, nor do they offer to do so, but to cancel appellant's title. But complainants were also barred under § 1955 of code 1880.

4. Complainants are barred of this proceeding under § 7 of the act February 10, 1860, which provides that no suit shall be brought to set aside any such title thereafter acquired, after five years from the day of sale. The only question is, could the legislature pass such an act. Was it in the legislative power? If so, it disposes of all the objections to the tax-title. *Dingy* v. *Paxton,* 60 Miss. 1038, holds that such a law as applied to sales made prior

to the law would be beyond legislative power, but the court intimates that it would be different as to the sales made after the law. In *Nevin* v. *Bailey*, the court, in construing a similar statute, says it is unnecessary to determine whether it is a statute of limitation or a curative act, that its effect is, as to sales after its passage and after the lapse of the prescribed time, to cure all defects which the legislature could cure, to dispense with all requirements which it could have dispensed with. Why could the legislature not apply the five years bar to a case even "when the taxes had been paid before sale"? What provision of the constitution would be violated? There is no room for construction of the act. Its language and meaning are obvious. It is a "bill of peace" to those who have furnished the revenue to the government, and should be given its broadest construction. It assures the purchaser that after five years his title shall not be disturbed for *any reason*, and this language can be avoided only by showing, in a particular case, that it violates the fundamental law, which is not shown in this case.

*W. P. & J. B. Harris*, on the same side.

Under § 578 of code of 1880 the bill to confirm her title was properly brought by appellant after two years from the day of sale. It is the *general* redemption period that is meant in all the acts touching the equitable relief to holders of tax-titles. The only possible consequence where minority or other disability exists would be to leave the right to redeem unaffected, if that right is asserted in due time.

The point is made in the bill that the decree of confirmation is void because complainant in that proceeding knew or could reasonably have ascertained the names and residences of appellees, and that they claimed interest in the land; that her oath as to their names being unknown was false. This, if it be true, is a species of fraud, *Sivley* v. *Summers*, 57 Miss. 730, and might be ground to impeach the decree by a direct proceeding; but the case would then stand under *Brooks* v. *Spann*, 63 Miss. 198, and the proceeding should have been brought in two years after complainant became of age. This is after analogy with bills of review and

appeals, and it is not enough for the party to say he was ignorant of the former suit. Ignorance alone is no excuse, indeed, it may be inexcusable ignorance. There was a publication of the pendency of the confirmation proceedings, with a description of the lands. There was a public law by which an annual tax was levied, and proceedings for sale. Yet these complainants, claiming to be owners, never paid the taxes from 1869 to 1887, though knowing the lands were taxable, and wait one for five and the other for three years after coming of age before filing this bill, and after the decree, professing ignorance of the history of their own lands. Such ignorance is incredible and, if true, inexcusable.

The act of February 10, 1860, was in force at the time of this sale. Section 7 of that act is in form and effect a limitation to the remedy by bill to vacate the title. It may fairly be said of it, in the light of the rule which construes such legislation strictly, that said section did not apply where the holder of the tax-title brought an action of ejectment to recover possession. Cooley on Tax. 559, note (1). The distinction between those proceedings by which *recovery of the land* is sought and those in which the *establishment of title* is the object is shown in *Bell* v. *Coats*, 56 Miss. 776. The cases of *Dingy* v. *Paxton*, 60 Miss. 1038, considered in *Powers* v. *Penny*, 59 Miss. 5, and the case of *Nevin* v. *Bailey*, 62 Miss. 433, as they stand, do not decide whether a statute in form a statute limiting the remedy to invalidate a tax-title to a certain term of years is valid notwithstanding the fact that the plaintiff's land was sold for taxes without authority as by the total want of assessment or the total want of actual default considered as a constitutional requirement.

As a general proposition the power to limit the remedy is unaffected by the merits of the plaintiff's claim, and the point is not made that five years is too short a time.

The objection is that time, unaccompanied by any act of assertion of title, *ipso facto*, make a bad title good.

The statute is valid in its general bearing, and if the five years have elapsed the party seeking to invalidate the tax-title should make out a clear case bringing him within the protection of the

constitution. If there is *undisturbed possession*, the bill should allege that plainly. Here the bill evades the subject of possession, but admits there is a claim for rents. The constitutional infirmity of these limiting statutes is said to lie in this matter of possession. Cooley on Tax. 355 *et seq.* The allegations of this bill do not *create* the difficulty about possession, and it is fair to assume that the defendant purchasing under her decree entered on the land.

*Phelps & Skinner*, for appellees.

That the appellees are not bound or affected by the confirmation proceeding, because they had no notice or knowledge thereof, will be accepted, we think, without argument or authority. Independently of the constitutional law as defined in *Brown* v. *Board of Levee Com'rs.*, 50 Miss. 485, the code, § 578, requires all persons having an interest in the land and whose names and residences are known to be made parties. Apart from these, the willful omission is a fraud upon the jurisdiction and upon the parties.

The only other defense is the five year statute of limitation under § 7 of the act of 1860. This act has never been adjudicated upon, and we infer that it has been ignored by the profession because it was considered as repealed by the code of 1871.

The subject of that act was legislated upon and revised in the code of 1871, in §§ 1700, 1709, and was by virtue of § 8, chap. 1, of that code, repealed and superseded. The five years had not elapsed prior to the enactment of this code.

But supposing the act of 1860 to be in force, the principles announced in *Dingy* v. *Paxton*, 60 Miss. 1038, prevent its application in the case at bar. We understand the doctrine to be that where the owner of land is in actual or constructive possession of the land, there can be no valid limitation against him. The appellees were in possession of their land in 1869, when sold, and were infants of tender years, and this statute of limitation of itself cannot oust them of their title and possession. Where the owner is in possession the state must be the actor in any proceeding touching the title, and the right to file a bill to remove clouds is not an equivalent substitute for the judgment of one's peers in a jury trial. The case of *Nevin* v. *Bailey*, 62 Miss. 433, does not conflict with

these views, because in that case the tax purchaser entered into possession, and the action was ejectment against him.

The bill alleges enough in reference to the want of knowledge of appellees as to the confirmation proceedings, but if not, they should be allowed to amend.

*Clark & Sillers,* on same side.

This is an original bill, and is properly filed as such, not for the purpose of *reviewing* a former decree, but to cancel it, and to cancel the tax-title. The bill charges fraud, and that the decree was rendered in a court having no jurisdiction. See Story Eq. Pl. 426, 428.

The chancery court cannot maintain a suit to confirm a tax-title until after the expiration of the period allowed for redemption. Code 1880, § 578; acts 1858, p. 37; *McLaran* v. *Moore,* 60 Miss. 376; *Caruthers* v. *McLaren,* 56 Miss. 371.

The bill shows that one of appellees was, at the time the bill to confirm was filed, a *bona fide* resident of this state, and that she had an interest in the land, and, though this was known to appellant, the complainant, she did not make her a party. The period for redemption, after which a bill can be filed to confirm, is not the period allowed to adults, but the actual period allowed in the particular case, in this case being three years after appellees came of age.

The right of redemption under the acts of 1858 and 1867 was a *vested* right, and the legislature could not deprive appellees of it. *Moody* v. *Hoskins,* 64 Miss. 468.

The act of 1860 did not affect the title of the levee board. The act of 1867 (acts 1867, p. 237) created a system of revenue, complete in itself, and adopted the machinery of the act of 1858 for the sale of lands liable for taxes, and this act had no provision as to limitation, such as the act of 1860. The latter act was repealed by the code of 1871, and long before the five years from the day of sale had passed, and for this reason the act of 1860 cannot affect appellees' remedy.

Appellant having purchased before the period for redemption had expired, her purchase operated as a redemption for appellees,

and she occupies the relation of a trustee of the title, a tenant, or mortgagee in possession. *McLaran* v. *Moore*, 60 Miss. 376; *Caruthers* v. *McLaren*, 56 Miss. 371; *McGee* v. *Holmes*, 63 Miss. 50.

The brief also cites and reviews the following cases to show the unconstitutionality of the act of 1860, imposing the limitation of five years upon an owner in possession. *Dingy* v. *Paxton*, 60 Miss. 1038; *Nevin* v. *Bailey*, 62 Miss. 433; Cooley Con. Lim. (3d ed.) 365, 366, and notes.

CAMPBELL, J., delivered the opinion of the court.

Section 7 of "An act to provide for the better security of titles to lands held and claimed under tax sale and tax-titles," approved February 10, 1860, acts 1859–60, p. 213, was not intended to bar a suit to set aside a title acquired under such sale unless brought within five years from the date of the sale, *where the taxes had been paid before the sale*. It applies only to sales for non-payment of taxes "due" and unpaid. That is its language, and the right of redemption is expressly recognized and saved by it, which shows clearly that the purpose was to deal with cases of sales for delinquency, for there cannot be a contemplation of *redemption* where nothing is due when a sale is made. The right to sell land cannot arise, if the taxes assessed are duly paid. Delinquency is as essential a prerequisite of the power to sell land for taxes as an assessment or levy of taxes, and he, who has paid all the taxes assessed on his property, need not concern himself about a sale of it for taxes. The legislature has not attempted to affect the rights of the owner who has performed his duty by meeting the public charge imposed on his property. Its effort has been to reach the delinquent, who deserves no favor, and cannot justly complain of a reasonable bar to the assertion of his claim to question the validity of a tax sale for taxes due and not paid.

We are not called on now to declare that the legislature could not, *by mere lapse of time*, cut off the right of the owner, who has paid all taxes "due" on his land, to question the validity of a sale of it for taxes, for we are satisfied that no such purpose was enter-

tained by the legislature.  Therefore, the averment of the bill that the taxes had been paid and that the land was sold for taxes when none were due, is sufficient to prevent the application of the act cited to this case.

Was the decree of October 14, 1882, " null and void so far as complainants are concerned," because of the facts set forth in the bill?  Was the bill of appellant to confirm the tax-title she had acquired prematurely exhibited, and is the decree merely " *brutum fulmen* " as to these complainants, who were infants at the time, and whose right of redemption had not then expired ?

Section 578 of the code of 1880, a copy of § 1753 of the code of 1871, which was a substantial re-enactment of the act of February 10, 1860, cited above, gives the right to the holder of a tax-title to exhibit a bill for its confirmation, " *when the period for redemption has expired,*" and the claim of the appellees is that, as their right to redeem had not expired, the bill of appellant was premature, and the decree void.  In our opinion, " the period for redemption " meant by the statute is the general period applicable to the whole community, and not the exceptional and special period applicable to that very small class composed of those under the disability of infancy or want of sanity, and that the rights of this class are sufficiently conserved by the right to redeem after the removal of their disabilities, which is secured to them ; and that a bill may be properly exhibited to confirm a tax-title, without delaying for the time required to remove the disability of any person interested.  There is no express mention of infants or insane in the statute, but its language is broad enough to give the right to the proceeding against all persons interested in the land, without exception, and it consists with the legislative scheme to insure the collection of taxes to permit the proceeding as to all persons.  The effort of the legislature, for many years past, has been to compel the payment of the taxes due upon land, and, if not paid, to induce individuals to purchase delinquent lands when sold for the taxes.  Besides the several other provisions on the subject having this object in view, is the right of the holder of a tax-title " to proceed by bill in the chancery court of the county in which the

land lies to have such title confirmed and quieted," conferred by § 578 of the code.

There is no reason why such a bill may not be exhibited against infants as well as adults. The rights of infants may safely be committed to the courts, by which they are carefully guarded, and it cannot be assumed that it was intended to limit the right of holders of tax-titles to proceed by bill to cases in which infants were not interested. Such an interpretation of the act would lessen its value, and tend to defeat its manifest purpose. Nor is such interpretation required by the interests of infants, whose rights are jealously guarded by the courts, and who are allowed time after coming of age to show cause against a decree for the sale or conveyance of their lands, except in certain cases. The right of infants to redeem land sold for taxes after attaining their majority is unaffected by such proceeding, but in all else it is to have the same effect as to them as any other proceeding to which they may be parties in chancery courts.

It results from this view that the proceeding by the appellant to confirm the tax-title was not premature, and the decree was not void on that ground.

The other ground of attack on the decree is the allegation of the bill that the appellant, complainant in the suit to confirm, had knowledge of the ownership of the land by the appellees, and of the residence in this state of one of them, and could easily have ascertained the residence of the other, and failed to make them parties as required by the law under which the proceeding was had, and that the complainants had no knowledge of the suit of appellant until shortly before filing their bill. This ground of attack is met by the objection that it is too late.

The complainants delayed their suit until it was too late to make a direct attack by showing cause or bill of review or appealing from the decree confirming the tax-title, and now seek to open it by the averment that they did not have knowledge of it in time. One who seeks, after the period for an appeal or bill of review, to attack and reopen a decree, should not only show want of knowledge of the proceeding complained of, and of all circumstances

calculated to put one on inquiry to lead to knowledge, but also should exclude the conclusion of inexcusable ignorance as to the suit. This bill fails to do this. It rather suggests the contrary. Its intimation is that the appellant is in possession of the land. It is silent as to the payment of taxes on the land for any year, except that for which it was sold (1868). If the complainants had regularly paid taxes on the land, and there was no invasion of their possession of it, and no reason existed for them to be on the alert for suits to confirm tax-titles, and their repose in security because of duty to society faithfully performed by the regular payment of all taxes due was disturbed by the surprising discovery of the proceeding which resulted in the decree of October 14, 1882, when nothing had existed to lead to that discovery sooner, they would at least have commended themselves to the favorable consideration of the court. But the bill fails to present any such view as this, and rests alone upon the averment of want of knowledge of the suit.

That is not sufficient in such a case. *Brooks* v. *Spann*, 63 Miss. 198.

It is claimed by counsel that § 578 of the code does not give the right to bring a suit to confirm a tax-title acquired at a sale for taxes to the levee board. It was held in *Belcher* v. *M'hoon*, 47 Miss. 613, that under the act of February 10, 1860, a bill was maintainable to confirm a tax-title acquired by a sale for such taxes, and it seems clear that § 578 of the code of 1880, in the expression "*a tax-title*" is as broad as the act of 1860.

*The decree overruling the demurrer is reversed and the cause remanded for further proceedings in the chancery court.*