## McCray *v.* McCray *et al.**

(Division A. December 15, 1924.)

[102 S. 174. No. 24568.]

1. PROCESS. *Positive unequivocal statement of defendant's nonresidence and post office address, if known, necessary to confer jurisdiction by publication of notice.*

Bill to confer jurisdiction by constructive service of notice, under Code 1906, section 3920 (Hemingway's Code, section 2927), must contain a positive unequivocal statement of defendant's nonresidence and his post office address, if known.

2. PROCESS. *Bill held insufficient to confer jurisdiction by publication of notice.*

Bill stating that complainant had heard that defendant had gone to certain city in other state, and from there to some point in third state, that complainant was not advised where defendant was, but was confident that he was not a resident of Mississippi, *held* insufficient to confer jurisdiction by publication of notice, under Code 1906, section 3920 (Hemingway's Code, section 2927), in view of failure to positively aver nonresidence as a fact.

3. PROCESS. *Compliance with statute necessary to give court jurisdiction of nonresident and unknown defendants by constructive service of notice.*

Jurisdiction can be conferred over nonresident and unknown defendants by constructive service of process, only by compliance with Code 1906, section 3920 (Hemingway's Code, section 2927).

*Headnotes 1. Process, 32 Cyc., p. 480 (1926 Anno.); 2. Process, 32 Cyc., p. 480 (1926 Anno.); 3. Process, 32 Cyc., p. 467.

APPEAL from chancery court of Lauderdale county.

HON. G. C. TANN, Chancellor.

Bill by Georgia McCray against William McCray and others. Decree for defendants, and complainant appeals. Reversed and rendered.

*F. V. Brahan,* for appellant.

The chancellor committed reversible error in not permitting Georgia McCray, Petitioner, to testify in this case, and in excluding her testimony. Section 1917, Code of 1906, and the numerous cases construing it, has no application to this case. She was not offering "to testify as a witness to establish her own claim or defense against the estate of her deceased husband, which originated during the lifetime of such deceased person, or any claim she had transferred since the death of the decedent;" but, she was simply offering testimony to set aside and annul a fraudulent and void divorce case decree, entered by the chancery court of Lauderdale county at the suit of *Wm. McCray* v. *Georgia McCray* on May 28, 1918. *Watts* v. *Watts,* 86 So. 353, 123 Miss. 812.

I submit the chancellor had the power, and it would have been legal in this particular case, to have granted the relief prayer for on the face of the bill without making any parties defendant, because of a lack of a proper affidavit for publication to a non-resident, as required by section 3920, Code of 1906, and, construed by this court in *Ponder et al.* v. *Martin et al.,* 119 Miss. 156. This suit is a direct attack, in the same case, to set aside and annul a fraudulent and void divorce decree, and is not a collateral attack on such a decree as was attempted and denied by this court in *Hester* v. *Hester,* 103 Miss. 13; *Railway Co.* v. *Thomas,* 86 Miss. 27.

I will not attempt to discuss this testimony further, as to its preponderance, or credibility, being content to leave the reading and consideration of it to the court,

137 Miss.—11.

but, I repeat, for the lack of proper service, on the failure of William McCray to make the statutory affidavit, as required by section 3920, Code of 1906, the divorce decree should have been set aside without any further evidence.

*R. F. Cochran,* for appellees.

Appellant relies on the insufficiency of the affidavit for publication notice and the exclusion of the testimony of appellant as grounds for reversal of the decree of the chancellor. William McCray alleged in his bill that he "heard that defendant went from here to Birmingham, Alabama, and from there to some point in Ohio but that he is not advised where the defendant is but that he is confident that she is not in the state of Mississippi and that the defendant is a non-resident of the state." The allegation states the reasons why he did not know of the whereabouts or Post Office address of the appellant. If we are not advised about a fact, we do not know anything about the fact. We are not advised of the beginning and ending of time. Therefore, we do not know anything about the beginning and ending of time. William McCray knew just as much about the beginning and ending of time as he knew about the Post Office address of appellant who, in June, 1913, left Meridian, a criminal fleeing from justice and made it impossible for William McCray to know her Post Office address.

Appellant's petition is simply a bill of review and is clearly barred by the statute. She knew more than three years before the filing of her petition that her husband, William McCay, had obtained a divorce from her. We join with counsel for appellant in requesting the court to carefully read *Whitehead et al.* v. *Kirk,* 104 Miss. 776, and we are quite sure that this court will hold that the chancellor did not err in excluding the testimony of appellant. The sole purpose of her petition and she so

states in the body of it, was to have the decree vacated so that she could inherit the property of William McCray as his wife.

Anderson, J., delivered the opinion of the court.

The bill in this case was filed in the chancery court of Lauderdale county by appellant, the wife, against the appellees, heirs and legatees under the will of her deceased husband, to set aside and have annulled a decree divorcing appellant and her said husband, theretofore rendered by the chancery court of said county in a cause wherein she was defendant and her husband complainant. It is therefore a direct and not a collateral attack on the decree in question. One of the grounds of attack was, that court failed to get jurisdiction of appellant. Appellant's husband in his bill in that cause attempted to confer jurisdiction on the court by publication of notice for appellant under section 3920, Code of 1906 (section 2927, Hemingway's Code). The bill was sworn to. That portion of the bill which was made the basis for publication of notice for appellant is in this language.

"Complainant states that he heard that defendant went from here (Lauderdale county) to Birmingham, Ala., and from there to some point in Ohio, but he is not advised where the defendant is, but that he is confident that she is not in the state of Mississippi, and that the defendant is a nonresident of the state."

Upon the filing of the bill publication was made according to the statute, addressed "To Georgia McCray, address unknown." There was no appearance by appellant, and her husband proceeded to trial and obtained a divorce on notice based upon that affidavit. This court has held in several cases, and there are none in this state to the contrary, that constructive service of notice under this statute (section 3920, Code of 1906; section 2927, Hemingway's Code), by publication is insufficient

to support a decree, unless the requirements of the statute are strictly pursued. *Burns* v. *Burns,* 133 Miss. 485, 97 So. 814; · *Ponder* v. *Martin,* 119 Miss. 156, 80 So. 388; Id. (Miss.) 78 So. 929; *Moore* v. *Summerville,* 80 Miss. 323, 31 So. 793, 32 So. 294; *Diggs* v. *Ingersoll* (Miss.), 28 So. 825.

A positive unequivocal statement of the nonresidence of the defendant and his post office address, if known, was necessary. There was no such statement in the bill or the affidavit thereto. The bill states that the complainant had heard that the defendant had gone to Birmingham, Ala., and from there to some point in Ohio; that the complainant was not advised where defendant was, but that he was confident she was not a resident of Mississippi but a nonresident of the state. In other words, nonresidence was not positively averred as a fact, but as an inference by process of reasoning. This statute furnishes due process for nonresident and unknown defendants. They can be gotten into court only by compliance with the statute.

*Reversed, and judgment here.*