CRATIN *v.* CRATIN.

(Division A.   March 22, 1937.)

[173 So. 415.   No. 32539.]

(Division A.   May 17, 1937.)

[174 So. 255.   No. 32539.]

**A. K. Foot,** of Canton, for appellant.

**A. K. Foot**, of Canton, for appellant, on Suggestion of Error.

**White & McCool,** of Canton, for appellee.

White & McCool, of Canton, for appellee on Suggestion of Error.

892

Argued orally by **A. K. Foot,** for appellant.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal to settle the principles of the case, and is from a decree overruling a demurrer to a motion or petition to vacate a decree theretofore rendered by the court below.

The petition alleges that the petitioner, the appellee here, now a resident citizen of the State of New York, was lawfully married in the year 1887, in the State of Florida, to J. I. Cratin, and there lived with him in the relation of husband and wife until May, 1894, when he deserted the petitioner and removed to Madison county, Miss., where he remained until his death in March, 1935. In July, 1900, he obtained a decree of divorce from her in the court below on a sworn bill of complaint alleging,

after stating the grounds for divorce, "that the last time said Cratin heard of said Eva Cooper (Cratin), she was a resident of Florida, but at present he knows not her whereabouts, and has had no connection with said Eva Cooper since May 1st, 1894." An affidavit by the complainant attached to his bill of complaint alleges "that his wife is a resident of the State of Florida." Publication was made for the appellee, but no copy thereof was ever mailed to, or received by, her and she did not know of this suit for divorce, nor of the decree rendered therein, until after the death of her husband.

The petition then alleges that neither the bill of complaint nor the affidavit attached thereto complies with section 3421, Annotated Code of 1892, and therefore the publication made thereon was insufficient to justify the rendition of the decree sought by the bill of complaint.

J. I. Cratin did not marry again, and by will he devised and bequeathed his property to persons other than the petitioner, and they were made parties defendant hereto, and prosecute this appeal.

The appellants, in support of their contention that the court erred in overruling their demurrer to the petition say that:

1. The sworn bill on which the divorce was granted and the affidavit filed therewith substantially comply with the requirements of section 3421, Annotated Code of 1892.

2. If they do not, it may have been made to appear to the court rendering the decree that the publication was made pursuant to another correct affidavit therefor which has now disappeared from the record.

3. Because of the death of J. I. Cratin the case made by his bill of complaint cannot now be tried and determined. And

4. The petitioner is barred by limitations and laches.

Section 3421, Annotated Code of 1892, under which the publication for the appellee was made, provides: "If a

defendant in any proceeding in a chancery court be shown by bill or petition sworn to or by affidavit filed, to be a non-resident of this state, or not to be found therein on diligent inquiry, and the post office of such defendant be stated in the bill, petition, or affidavit, or it be therein stated that it is not known to the complainant or petitioner . . . the clerk, upon the filing of the bill or petition, account, or other commencement of a proceeding, shall prepare and publish a summons to such party to appear and defend the suit on a rule-day or on the first day of a term of the court, sufficiently distant in time to admit of the due publication thereof.''

Neither the bill of complaint on which this decree of divorce was rendered nor the affidavit attached thereto sets forth the post office address of the defendant to the bill (the appellee here), nor that her post office address was not known to the complainant. This omission is fatal, and under numerous decisions of this court the publication made thereon was ineffective. Griffith's Mississippi Chancery Practice, section 236, and authorities there cited, and Diggs v. Ingersoll (Miss.), 28 So. 825.

It is true that the court rendering the decree may have had before it another seasonably made affidavit filed with the clerk on which the publication was made, although it does not appear in the record, but that the fact is negatived by the two following allegations in the bill of complaint: ''That he did not comply strictly, or otherwise, with the requirements of the statute regarding the publication of notice and process in such a case. . . . That there was no legal, valid, nor binding process had upon your petitioner in said cause.''

Although the death of J. I. Cratin may result in abating his action for divorce, nevertheless the appellee has the right to have the decree complained of vacated, for the reason that her property rights are affected

thereby. McCray v. McCray, 137 Miss. 160, 102 So. 174; 19 C. J. 169. The appellants assert that this petition is merely a bill of review and is barred by section 2322, Code of 1930, which requires such bills to be filed "within two years next after the date of the final decree in the cause." It may be, as to which we express no opinion, that the defect in the decree here under consideration may be reached by a bill of review, but such a bill is not necessary therefor. All courts have the power to set aside their judgments and decrees rendered without obtaining jurisdiction of the person of the defendants thereto, on motion or petition therefor, although the term of the court at which the judgment or decree was rendered has expired, and we have no statute limiting the time within which this may be done.

If the right of a defendant to have a judgment or decree vacated, which was rendered against him when the court was without jurisdiction of his person, is affected by laches, as to which it is not necessary for us to express an opinion, the petition negatives the existence of any facts on which laches could be predicated by alleging that the rendition of the decree was unknown to the petitioner.

Affirmed and remanded.

### On Suggestion of Error.

**Smith, C. J.**, delivered the opinion of the court on suggestion of error.

The appellant suggests that we failed, in our former decision herein, to decide one question presented by the record. This is true, but our failure so to do was not altogether our fault.

But that aside, the question is one that will confront the court below on a return of the case thereto, and should be decided. The question is the sufficiency, vel

non, of a plea filed after the overruling of the demurrer to the appellee's petition. This plea alleged, in substance, that the appellee had, for more than thirty years, known of the existence of this decree of divorce, but delayed instituting any proceedings to have it set aside until after her husband's death. The plea was heard on the question of its efficiency and was overruled. It should have been sustained.

The alleged defect in the decree is that the affidavit on which publication was made for the appellee, a nonresident, did not meet the requirements of section 3421, Code 1892, and in our former opinion we held that the affidavit appearing in the record is defective. The decree does not recite that publication was made for the appellee; nevertheless the decree is not void, having been rendered by a court of general jurisdiction. It cannot be collaterally attacked and remains in full force and effect unless and until set aside in a direct proceeding for that purpose. Cotton v. Harlan, 124 Miss. 691, 87 So. 152. For aught that now appears, the court may have had before it another and sufficient affidavit. Brotherhood of Railroad Trainmen v. Agnew, 170 Miss. 604, 155 So. 205.

The appellee was under no obligation to institute a proceeding to set aside the decree until she acquired knowledge thereof. According to the appellant's plea, she did acquire this knowledge more than thirty years before her husband's death. The question then is, Does this delay on the part of the appellee to institute a proceeding to set aside the decree constitute such laches as will bar her from now instituting and maintaining a proceeding for that purpose?

One may become estopped from complaining of a defective judgment or decree by accepting the benefit thereof with knowledge of its rendition, and may forfeit the right to complain thereof by laches. 1 Freeman on Judgments (5 Ed.), section 265; 34 C. J. 362, and 15

R. C. L. 694. What the appellee here did, assuming that the allegations of the plea are true, was to accept a release from her marital obligations, and wait, for thirty years, until her husband died, to institute a proceeding to set aside the decree, thereby rendering it impossible for the divorce issue to be tried, which would result. should the decree be set aside, in her becoming entitled to a portion, at least, of her husband's property, when, had the decree been set aside during his lifetime, he might have been able to have proven his right to a divorce. On the other hand, he was without the right to have the decree set aside, it having been rendered at his instance with knowledge, actual or presumed, of its irregularity, Freeman op. cit. section 263, 34 C. J. 347, and had she died during his lifetime, he could have asserted no marital rights in her property, if any she had. Under such circumstances, it would seem, in equity and good conscience, that she should not be permitted to complain of the decree. Freeman op. cit. sections 271, 272. Cf. Brooks v. Spann, 63 Miss. 198; Metcalfe v. Perry, 66 Miss. 68, 5 So. 232; Adams v. Belt, 136 Miss. 511, 100 So. 191, and McCray v. McCray, 137 Miss. 160, 102 So. 174.

Our former judgment will be set aside, and another rendered affirming the decree overruling the demurrer, but reversing the decree holding the plea insufficient.

So ordered.