## EVANS *v.* BROWN.

(In Banc. April 9, 1945. Suggestion of Error Overruled May 14, 1945.)

[21 So. (2d) 588. No. 35824.]

J. Ed. Franklin, of Jackson; and J. R. Tally and T. J. Wills, both of Hattiesburg, for appellant.

**Travis & Travis**, of Hattiesburg, for appellee.

Currie & Currie, of Hattiesburg, for appellee.

Argued orally by **J. Ed. Franklin** and **T. J. Wills**, for appellant, and by **S. E. Travis** and **J. K. Travis**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

On the 9th day of March, 1944, Mrs. Jessie P. Walters Evans was granted a decree of divorce in the court below against her husband Cullen E. Evans. Mrs. Evans died in May, 1944, survived by a daughter, Mrs. Louise Walters Brown. On June 20, 1944, Cullen E. Evans filed a petition in the court below praying the court to vacate this divorce decree and hold it for nought, making Mrs. Louise Walters Brown a party defendant thereto. Mrs. Brown would be her mother's only heir at law if this divorce decree is valid. Among the reasons alleged for vacating this decree is that the divorce was granted on publication for the defendant therein as a non-resident without compliance with Section 1852, Code 1942, which provides that "if the defendant in any proceeding in the chancery court be shown by sworn bill or petition, or by affidavit filed, to be a non-resident of this state, . . . and the post office of such defendant be stated in the bill, petition or affidavit," etc., publication in the manner directed by the statute shall be made for him.

The bill for a divorce alleges "that the said defendant is a non-resident of the State of Mississippi, his present residence and post office address being 208 Shirley Street, DeRidder, State of Louisiana." The affidavit of this bill of complaint recites that "the said bill is not filed by collusion with the said defendant for the purpose of obtaining a divorce, but that the causes for divorce stated in said bill are true as stated." The petition for vacating this decree alleges that no other affidavit was made in the case by the complainant therein relative to his nonresidence and post office address; that he is not a nonresident of this state, was not at DeRidder, Louisiana, and did not receive the notice of the pendency of the

divorce proceeding mailed to him there by the clerk of the court.

A demurrer to this petition was sustained by the court below, and the case is here on appeal to settle the principles thereof.

Counsel for the appellee say that the words in the affidavit to this bill for a divorce "that the causes for divorce stated in said bill are true as stated" covers the allegation in the bill as to the defendant's non-residence and post office address. With this we are unable to agree, for non-residence is not a ground for divorce, consequently, there was no affidavit on which publication for the defendant could have been made. Amis on Divorce and Separation, Section 246.

The divorce decree does not on its face deal with any property rights of the appellant, because of which counsel for the appellee say that this petition to vacate the decree will not lie. The petition alleges that the appellee died seized and possessed of certain described real property, an interest in which would devolve on the appellant by inheritance if this divorce decree should be set aside. This is a property right within the rule invoked by the appellee. Cratin v. Cratin, 178 Miss. 881, 173 So. 415, 174 So. 255; McCray v. McCray, 137 Miss. 160, 102 So. 174.

The petition does not allege that the appellant had a meritorious defense to Mrs. Evans' bill for a divorce, but the rule that an application for vacating a judgment or decree must allege a meritorious claim or defense, as the case may be, to the rendition of the judgment or decree does not apply in a proceeding in the court rendering the judgment or decree to vacate it for the want of jurisdiction of the person. Newman v. Taylor, 69 Miss. 670, 13 So. 831; Moore v. Hoskins, 66 Miss. 496, 6 So. 500; Myer Bros. v. Whitehead, 62 Miss. 387. The demurrer should have been overruled.

Reversed and remanded.