MOSES B. WISDOM, PLAINTIFF IN ERROR, V. ANN E. WISDOM, DEFENDANT IN ERROR.

Divorce: POWER OF COURT TO SET ASIDE DECREE. Courts of general jurisdiction have power to set aside or vacate decrees of divorce after the term at which the decree was rendered, when obtained by fraud.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Burke & Prout*, for plaintiff in error, cited: *Bascom v. Bascom*, 7 Ohio, 465. *Parish v. Parish*, 9 Ohio St. 534. *Bingham v. Miller*, 17 Ohio, 445. *McJunkin v. McJunkin*, 3 Ind., 30. *Greene v. Greene*, 2 Gray, 366. *Gilruth v. Gilruth*, 20 Iowa, 225. *Lewis v. Lewis*, 15 Kan., 181. *O'Connell v. O'Connell*, 10 Neb., 390.

*R. W. Sabin*, for defendant in error, cited: *Adams v. Adams*, 51 N. H., 388. *Edson v. Edson*, 108 Mass., 590. *Johnson v. Coleman*, 23 Wis., 452. *Allen v. MacClellan*, 12 Penn. St., 328. Maxwell Pl. and Pr., 748.

REESE, CH. J.

Plaintiff, by her guardian and next friend, filed her petition in the district court of Gage county, in which she alleged, in substance, that she was a resident of Colfax, Taylor county, state of Iowa, where she had resided more than twenty years last past; that on the 9th day of September, 1857, she was the lawful wife of defendant, and had lived and cohabited with him as such from said date until about the first day of March, 1881; that about said time he willfully deserted her, without cause, and has not lived with her since that time; that on the 27th day of November, 1882, by the judgment of the circuit court for Taylor county, in said state, she was adjudged to be of unsound

mind, and that Virgil Chipman was duly appointed her guardian, which relation he still sustained to her; that defendant, Moses B. Wisdom, after having so deserted her, came to Gage county, in this state, and after living in said county for a time, and without the knowledge of plaintiff, or her guardian, in the month of August, 1883, instituted proceedings in the district court of said county for the purpose of obtaining a divorce from her, on the ground that she had deserted him and had been willfully absent from him for more than two years, and that on the 13th day of February, 1884, he did obtain from the said court a decree of divorce upon the ground named; that she had no actual notice whatever of the pendency of said suit, nor was there either actual or constructive notice given her thereof sufficient to confer upon said court jurisdiction to render such decree; that the decree was fraudulently obtained by defendant, and the ground alleged in said petition was untrue, she never having deserted him, and that he had no legal or equitable ground upon which to obtain such decree; that instead of his charge of desertion being true, he had, without any ground whatever, deserted her, and that she at the time of filing her petition resided in the same place where she resided at the time of said alleged desertion; that in the year 1880, while defendant was living with plaintiff in their dwelling-house, which was owned by him, and while his family consisted of the plaintiff and eight children, he became enamored of one Sarah E. Knox, who is made defendant, who was a married woman, residing with her husband and family of five or six children, within a quarter of a mile of the residence of plaintiff and defendant, and that the said Sarah E. Knox reciprocated the amorous advances of defendant, and that they maintained adulterous relations with each other for some time prior to defendant's departure for Nebraska; that about the year 1881 they entered into a fraudulent conspiracy to leave their families and go to

Nebraska, intending to stay sufficiently long in said state to obtain each a divorce and then become married to each other; that in pursuance of said design and conspiracy, they left their families in Iowa and came to Gage county, in this state, and on the 6th day of August, 1883, defendant, Moses B. Wisdom, commenced his divorce proceedings in the district court of said county; that on the 14th day of November of the same year Mrs. Knox instituted like proceedings for a divorce from her husband; that Moses B. Wisdom obtained his decree of divorce on the 13th day of February, 1884, and Mrs. Knox obtained hers on the 15th day of the same month and year, and that immediately after, and on the said 15th day of February, 1884, a marriage license was procured and they were married, and that ever since said time they fraudulently held themselves out to the world as husband and wife; that the adulterous relations existing between said defendants at the time of their departure from Iowa were continued in this state, from the time of their arrival to the time of the filing of the petition; that at the time of the pretended decree of divorce of defendant, Moses B. Wisdom, from plaintiff, that plaintiff was and for a long time prior thereto had been of unsound mind; that she was then and ever since has been under the protection of a guardian, all of which was well known to defendants at the time of their pretended marriage; that she is now living with one child and without sufficient income to support herself and child, and that at the time of his pretended divorce defendant, Moses B. Wisdom, was worth at least the sum of $15,000 in property; that no children have been born unto defendants, Moses B. Wisdom and Sarah E. Knox. The prayer of the petition was that the pretended decree of divorce procured by the defendant, Moses B. Wisdom, against plaintiff, be opened, and that she be permitted to file her answer in said divorce proceedings, setting up the true facts alleged in her petition, and also to allow her to establish her just rights as to

the allowance of alimony, and that Sarah E. Knox be made defendant and required to answer, showing any equities she might have growing out of said pretended marriage, and for general relief.

To this petition defendants severally demurred. The demurrer of Moses B. Wisdom was upon three grounds, as follows: "First—The court has no jurisdiction of the person of defendant. Second—There is a defect of parties plaintiff. Third—That said petition does not state a cause of action against defendant and in favor of plaintiff."

This demurrer was overruled by the court, and the defendant, declining to answer further, elected to stand upon his demurrer, whereupon the decree of divorce was set aside, that plaintiff might make her defense; to all of which defendant excepted. He now alleges error in this court, and seeks a review by proceedings in error.

It is contended by plaintiff in error that the proceedings in the district court were instituted under the provisions of section 602 of the civil code. This section, so far as it may be deemed applicable to this case, is as follows:

"A district court shall have power to vacate or modify its judgments or orders, after the term at which such judgment or order was made. *   *   *   Fourth—For fraud practiced by the successful party in obtaining the judgment or order. Fifth—For erroneous proceedings against an infant, married woman, or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. *   *   *"

Upon the other hand it is contended by defendant in error that while the section above named gives ample authority for the proceedings, yet that plaintiff is not limited thereto, that the common law right to institute the action in vindication of her equities exists, and that the action may be maintained thereunder. Our attention will be directed only to the latter proposition.

As the case was disposed of on a demurrer to the petition, it must be treated as if all the facts properly stated in the petition are true, and it is to be assumed that they can be fully maintained by proof, if the petitioner is allowed to adduce evidence in support of them.

A clear case of fraud is presented by these allegations. It also appears that Mrs. Wisdom was in no sense a party to this fraud, but that Mrs. Knox not only had full knowledge of the fraudulent purpose of Moses B. Wisdom, but that she was an active party thereto.

The question now presented has been examined and passed upon by a number of the courts in this country.

In *Adams v. Adams*, 51 N. H., 388, the question was examined, and in an exhaustive opinion written by Chief Justice Bellows it was held that courts of common law jurisdiction have power to set aside or vacate decrees of divorce, if obtained by fraud or imposition, as in the case of other judgments, and that they will exercise that power when such fraud is clearly established. A large number of authorities are cited in the opinion as sustaining the decision of the court, and many of them are carefully reviewed. The cases of *Parrish v. Parrish*, 9 O. St., 534, and *Greene v. Greene*, 2 Gray, 361, cited by plaintiff in error, are examined, and the court refuses to agree with the reasoning in *Parrish v. Parrish*, as being opposed both to principle and authority.

The case of *Edson v. Edson*, 108 Mass., 590, is in point. In the opinion of the court, written by Chief Justice Bigelow, the same conclusion is reached, and in discussing the question the chief justice uses the following language: "The statement of the question is of itself sufficient to make it apparent that, if there is no remedy by which judgments so procured to be rendered can be impeached and annulled, courts of justice may be made instruments by which the grossest frauds may be successfully accomplished, to the great wrong and injury of innocent persons.

Such a conclusion cannot be supported unless it is founded on adjudicated cases which this court is bound to regard as obligatory declarations of the law, or upon reasons of the most decisive and satisfactory nature. Upon careful examination of the authorities, we are entirely satisfied that they do not sustain the doctrine, that courts have no power to grant relief to parties to a suit against whom a judgment has been obtained by fraud."

In referring to the case of *Greene v. Greene, supra,* it is said that the decision in that case is not in conflict with the general accord of authorities. Some of the general expressions used by the court, when disconnected from the facts of the case then in adjudication, have been thought to give sanction to the doctrine that a decree of divorce when once obtained could not be impeached in any form or mode of procedure, or set aside by one of the parties to the original suit, however fraudulent and collusive may have been the conduct of the other party in its procurement. But such a conclusion is not a fair or legitimate result of the language and reasoning of the court, when considered as it should be, solely with reference to the actual case before the court for decision.

The same rule is declared in *Young v. Young,* 17 Minn., 181, which is a case similar in some respects to that presented by the petition before us. And to the same effect see *Allen v. MacClellan,* 12 Penna. St., 328; *Johnson v. Coleman,* 23 Wis., 452; *Borden v. Fitch,* 15 Johnson, 121; *Gechter v. Gechter,* 51 Md., 187; *Holmes v. Holmes,* 63 Me., 420; as well as cases cited in the American and English Encyclopædia of Law, Vol. 5, pp. 844, 845.

In *Holmes v. Holmes,* above cited, and other cases which we do not now call to mind, it is held that the fact that the party obtaining the divorce had contracted a new marriage after the entry of the decree, and before any proceedings were commenced to set it aside, would not destroy the authority of the court to vacate the decree.

We are not unmindful of the fact that courts will always hesitate to set aside a decree of divorce, and especially so where a second marriage has intervened, under which children have been begotten, or rights may have become vested, but it is equally true that cases have arisen, even under the circumstances named, where courts have not refused to set aside decrees of divorce.

We are not embarrassed by these conditions in this case, for there are no children by the second marriage, and if the allegations of the petition are true, which must be assumed, Mrs. Knox is in no sense an innocent party and can claim no rights as such.

The protection of society demands that divorces should not be granted for light or trivial causes, much less should our courts be opened for the entry of decrees procured by the fraud and deception of plaintiffs, by which rights of innocent parties might be destroyed, with no redress for the wrong committed.

We think the decision of the district court on the demurrer was correct, and it is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.