IN RE ESTATE OF WILLIAM H. NELSON.

MINNIE E. NELSON, APPELLEE, v. COLUMBUS H. NELSON, EXECUTOR, APPELLANT.

FILED APRIL 10, 1908.    No. 15,143.

1. Fraud: PLEADING. "Questions of fraud are generally questions of fact, and must be raised, if at all, by suitable pleadings alleging such fraud." *Hamilton v. Ross*, 23 Neb. 630.

2. Judgment: PLEADING. "The sufficiency of the petition is not a test of jurisdiction; although it may be defective in substance it will support a judgment if the court has authority to grant the relief demanded and the facts upon which the demand is based are intelligibly set forth." *Dryden v. Parrotte*, 61 Neb. 339.

3. ———: COLLATERAL ATTACK. "A judicial order or judgment cannot be attacked in a collateral proceeding unless affected by some jurisdictional infirmity." *Dryden v. Parrotte*, 61 Neb. 339.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed with directions.*

*Halleck F. Rose* and *Allen G. Fisher,* for appellant.

*D. B. Jenckes* and *Arthur F. Mullen, contra.*

FAWCETT, C.

For convenience we will designate the claimant, Minnie E. Nelson, as plaintiff, and the Estate of William H. Nelson, deceased, as defendant. On June 7, 1906, plaintiff filed in the county court of Dawes county, the following claim: "In the County Court of Dawes County, Nebraska. In the Matter of the Estate of William H. Nelson, De-

In re Estate of Nelson.

ceased. Now comes Minnie E. Nelson, and avers that she is the widow of William H. Nelson, deceased, late of Dawes county, and is entitled to an allowance for her maintenance and support out of said estate; that said William H. Nelson departed this life on the 7th day of July, 1906 (this is a typographical error, as it is conceded that Mr. Nelson died on July 7, 1905); that she is reasonably entitled to an allowance of $40 a month from the time of his death up to the present time, and will be until the said estate is finally closed up, for her support and maintenance; that there is justly due for her support and maintenance from said estate the sum of $350, and she asks that this court make an order directing the payment of said sum to her for her support and maintenance." (Signed and verified.) A hearing was had before the county court, and plaintiff's claim was disallowed. She thereupon prosecuted an appeal to the district court for Dawes county, where, under the direction of the court, issues were made up for the trial of the cause. The petition filed by plaintiff is, in substance, a copy of her claim in the county court. Defendant answered, setting up various grounds of defense, to which answer plaintiff for reply filed a general denial. After the trial had been entered upon in the district court and some evidence received, the defendant, by leave of court, filed an amended answer, in which, among other things, he alleged that on February 10, 1904, the said William H. Nelson, in the district court for Dawes county, Nebraska, obtained a decree granting him an absolute divorce from the plaintiff herein; that plaintiff appeared in said divorce suit in person and by counsel, and filed her answer; that prior to the entry of the decree the parties to said divorce suit, out of court, settled all of their property rights in a contract which was confirmed by the court in said decree; that said William H. Nelson paid to plaintiff, in accordance with their said contract, the sum of $1,250 in cash, and sundry other large bills, which plaintiff had contracted in the name of said William H. Nelson; that said judgment or decree of

divorce was never appealed from by plaintiff, and thereby became absolute; that plaintiff at all times thereafter to the time of filing her claim in the county court treated said divorce as absolute, and never thereafter lived or had anything whatever to do with said William H. Nelson; that on August 11, 1904, Mr. Nelson married one Gertrude Helwig, who continued to live with the said William H. Nelson from the date of said marriage to the time of the death of said Nelson; and that said Gertrude, and not the plaintiff, is the widow of said William H. Nelson, deceased. After the filing of said amended answer plaintiff obtained leave to withdraw her reply, and filed a motion to strike certain portions of the amended answer, which motion was overruled, whereupon plaintiff, by leave of court, again filed her general denial as a reply to said amended answer. Upon the issues thus joined the case proceeded to trial. The district court found in favor of plaintiff, and entered a decree containing a large number of findings which we do not deem it necessary to set out, and gave judgment in favor of the plaintiff and against Columbus H. Nelson, as executor of the estate of William H. Nelson, deceased, in the sum of $350, with interest from June 7, 1906, and costs of suit. From that decree this appeal is prosecuted.

In their brief filed here counsel for plaintiff say: "The real questions presented by the record in this case are two: First: was Minnie E. Nelson the lawful wife of William H. Nelson at the time of his death? Second: If Minnie E. Nelson was the lawful wife of William H. Nelson at the time of his death, has she been estopped from claiming her rights as his widow?" As the first of these two questions must be answered in the negative, it will be unnecessary to consider the second. The only theory upon which plaintiff can be permitted to recover in this action is that the decree of divorce above referred to was void for want of jurisdiction on the part of the court to enter it. If it was void, it was subject to collateral attack; if not void, then, however irregularly the court may have proceeded in that suit, the judgment cannot be assailed collat-

erally, and plaintiff's action here must fail. Plaintiff's contention is that the decree of divorce was void for two reasons: (1) That the petition in the divorce case did not state facts sufficient to constitute a cause of action for cruelty; and (2) that the decree was obtained by fraud and collusion. The first of these contentions must fail for the reason that it is well settled in this state, as well as elsewhere, that the sufficiency of the petition is not a test of jurisdiction. The second contention must fail for the reason that there is no plea of fraud in this case. Defendant, in the amended answer, set up the divorce as a bar to plaintiff's right to recover. Plaintiff's reply was simply a general denial. We do not think this was sufficient to raise either the question of jurisdiction or fraud. Clearly, it could not raise the latter. The record shows that plaintiff appeared in the divorce suit, filed her answer, and ratified the decree entered by accepting the provision made for her therein. She subsequently acquiesced in that decree, and permitted her former husband to marry another woman on the strength of it. She never performed, or attempted to perform, any marital duties after the entry of the decree, and never asserted any claim that she was the wife of Nelson until after his death, when she thought she saw a chance to obtain another slice of his estate. To permit her to come into court at this time and disgrace the memory of her former husband and fasten the crime of bigamy upon an innocent woman, in order to entitle her to obtain a moiety of this estate, would be a travesty upon justice; and, even if there were not ample authority to sustain us, we would not hesitate to hold, as a case of first impression, that plaintiff is estopped.

That fraud is an affirmative defense which must be pleaded, see *Hamilton v. Ross*, 23 Neb. 630, and the numerous authorities cited in 1 Page's Digest, pp. 929-931.

That the irregularity of the divorce proceedings cannot be shown under the pleadings in this case, see 2 Black, Judgments (2d ed.), sec. 875; *Bennett v. Morley*, 10 Ohio,

In re Estate of Nelson.

100; 2 Black, Judgments (2d ed.), sec. 971, note 75, and cases there cited.

That the petition is not a test of jurisdiction, see *Trumble v. Williams,* 18 Neb. 144; *Taylor v. Coots,* 32 Neb. 30; *Logan County v. Carnahan,* 66 Neb. 693; *Head v. Daniels,* 38 Kan. 1; *Entreken v. Howard, Admr's,* 16 Kan. 553; *Rowe v. Palmer,* 29 Kan. 337; *Moore v. Perry,* 13 Tex. Civ. App. 204, 35 S. W. 838; 1 Black, Judgments (2d ed.), sec. 259; *Rush v. Moore,* 48 S. W. (Tenn. Ch. App.) 91; *McFarlane v. Cornelius,* 43 Or. 513; *Dryden v. Parrotte,* 61 Neb. 339; *Howell v. Ross,* 69 Neb. 1; *In re James,* 99 Cal. 374.

That a domestic judgment, regular upon its face, cannot be collaterally attacked, see 1 Black, Judgments (2d ed.), secs. 270, 271, 278; *Cizek v. Cizek,* 69 Neb. 797, 800; *Banking House of A. Castetter v. Dukes,* 70 Neb. 648; *Aldrich v. Steen,* 71 Neb. 57; *Sodini v. Sodini,* 94 Minn. 301; *Fraaman v. Fraaman,* 64 Neb. 472.

There is no theory upon which plaintiff's action can be maintained. We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to dismiss plaintiff's appeal from the county court at plaintiff's cost.

CALKINS and ROOT, CC., concur in the result.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded, with directions to dismiss plaintiff's appeal from the county court at plaintiff's cost.

REVERSED.