LYNNE R. LITTLEFIELD, Appellant, v. EDWIN C. LITTLEFIELD, Respondent.

Kansas City Court of Appeals, May 20, 1918.

1. **JUDGMENT OF DIVORCE: Fraud: Action to Set Aside: Remarriage.** Husband and wife were divorced for her fault, after personal service on her. More than three years afterwards she brought a bill in equity to set aside the divorce and adjudge her support and maintenance, on the ground that the husband had wrongfully induced and influenced her to confess to adultery and consent to a divorce; and that after the divorce he continued martial relations with her. Before she brought her action the husband had remarried. After she brought it and after her appeal and submission of the cause to the appellate court, but before a decision, she married. It was *held* that by marrying she adopted the divorce and waived the fraud and abandoned that part of her action.

2. **MAINTENANCE: Divorce: Fraud: Waiver.** Where husband and wife are divorced for her fault and she brings a bill in equity to set aside the divorce for fraud and for support and maintenance, and before a final decision of such case marries, she thereby waives the fraud and adopts the divorce; and such divorce, for her fault, leaves her without right to maintenance, or support.

Appeal from Johnson Circuit Court.—*Hon. A. A. Whitsett,* Judge.

AFFIRMED.

*Geo. W. Barnett* and *C. C. Kelly* for appellant.

*N. M. Bradley* and *J. W. Suddath & Son* for respondent.

ELLISON, P. J.—Defendant and plaintiff were formerly husband and wife. They were divorced on his petition, for her fault, after personal service was had. More than three years afterwards she began the present action by filing her bill in equity to set aside the divorce on charges of fraud, viz., that he wrongfully influenced her to make confession of adultery and to consent to a divorce, he, all the while, living with her as his wife, and continuing marital relations with her after the decree of divorce was granted. There was included in the prayer of her bill a demand that she be granted ''an adequate amount of damages, alimony, support, maintenance, counsel fees, expenses and such other relief,'' as was proper. The trial court dismissed the bill and she has brought the case here for relief.

After the divorce was granted to him, he again married; and since the trial of this cause, and while her appeal was pending, and after the cause had been submitted to this court, she also married.

It has been ruled that a judgment for divorce, on a fictitious cause, may be set aside in a court of equity for a fraud practiced on the court as to jurisdiction of the person of the defendant. [Dorrance v. Dorrance, 242 Mo. 625 (overruling Salisbury v. Salisbury, 92 Mo. 683.] Whether that case would ordinarily have been applicable to this, we need not say. But we are of the opinion that when plaintiff married, she waived the fraud, accepted the divorce and abandoned that part of the present action. The judgment for divorce in favor of defendant now stands unaffected by the charges of fraud in its rendition.

But plaintiff insists that though she be denied that part of her bill wherein she seeks to annul the divorce,

she should be granted that part wherein she asks damages adequate to relieve and maintain her. This is put upon the ground that, though, as a matter of public policy, a divorce should not be annulled, even when obtained by fraud, yet a separate action may be maintained for the defrauded wife's property rights. This view is sustained in Bay v. Bay, 85 Ohio St. 417. For a greater reason such relief would be granted in those jurisdictions where the divorce itself may be set aside for fraud. [Clay v. Robertson, 30 Okla. 758.] But the difficulty with plaintiff's case is the *status* she fixed for herself in recognizing the validity of the divorce by remarrying. By that act the divorce, in effect, was advanced to the plane of judicial propriety on good grounds, without fraud. The divorce must therefore be considered as ending all claim plaintiff may have had on defendant's property by reason of formerly having been his wife. [Donaldson v. Donaldson, 249 Mo. 228, 242-245.] We think In re Herman J. Christiansen, 17 Utah, 412, not applicable.

The judgment is affirmed. All concur.