Joy *v.* Miles *et al.*

(In Banc.   Jan. 20, 1941.)

[199 So. 771.   No. 34394.]

J. J. Breland, of Sumner, and Stovall Lowrey, of Clarksdale, for appellant.

Roberson & Luckett, of Clarksdale, for appellees.

Argued orally by **J. J. Breland** and **Stovall Lowrey**, for appellant, and by **Semmes I. Luckett**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

When the proof discloses, as it does in this case, that a wife seeking to set aside an invalid divorce decree obtained by her husband had become married to another man subsequent to the rendition of such decree, it cannot be said that she comes into a court of equity with clean hands asking for affirmative relief. Moreover, even if it be true—and the chancellor found to the contrary—that she did not know of the decree at the time of her second marriage, such want of knowledge would afford less excuse for having entered into the bigamous relationship with her second husband than if she had known of the divorce proceedings, since she did know that her former husband was still alive, and that she herself had not obtained a divorce. Nor does the fact that she did not remarry until after her former husband had married

another woman, following the rendition of the divorce decree in his favor, prevent his second wife from pleading such fact in defense of a suit to set aside the decree of divorce for the sole purpose of enabling the complainant in such a suit to obtain the life insurance left by the divorced husband at the time of his death, and which was payable to his widow. It is not a question of whether the woman who entered into the second marriage with the man who had obtained the invalid divorce has done so in reliance upon the conduct of the first wife in re-marrying. The case is controlled in principle, though not analogous on the facts, by what was said by this court in the cases of Woodson v. Grand Lodge K. of H. et al., 97 Miss. 210, 52 So. 457; and Williams v. Johnston, 148 Miss. 634, 114 So. 733. Also, see 17 Am. Jur. 377. Compare, Cratin v. Cratin, 178 Miss. 881, 173 So. 415, 174 So. 255. The decree of the chancellor, declining to set aside the divorce decree, is therefore affirmed.

Affirmed.