## SEWELL v. TRIMBLE.
### No. 9730.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 8, 1948.

Decided Dec. 13, 1948.

Mr. Thomas Morton Gittings, of Washington, D. C., for appellant.

No appearance for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Circuit Judges.

PER CURIAM.

In 1930 appellant obtained a final decree of divorce from her husband, the appellee. He was a resident of the District of Columbia, was personally served with process there, and appeared in the suit. He left the District in 1932 and has not resided there since. His whereabouts are unknown.

The divorce decree awarded appellant an allowance for the maintenance of a son of the parties. The son died, while still a minor, in 1945. Appellant is administratrix of his estate. In 1946 she filed, in the divorce suit, a motion for an unconditional judgment against appellee for arrears of maintenance.

A copy of this motion was mailed to appellee's counsel of record and another copy to appellee's last known address, General Delivery, San Francisco. Appellant afterwards filed an amended motion in which she asked not only for an unconditional judgment for arrears but also that process be levied on appellee's share of the son's estate, which was in appellant's hands as administratrix and under the control of the probate branch of the court. A summons directing appellee to answer this amended motion was returned by the Marshal "not to be found in this District." An order of publication was issued and was published once a week for three successive weeks in The Washington Law Reporter and in The Evening Star.

Because notice of the motion was given appellee only by publication, the District Court thought it had no jurisdiction to grant the relief sought. This appeal is from an order dismissing the motion on that ground.

We think the court erred. "When the suit was begun, the court duly acquired

jurisdiction over the person of the defendant for the purpose, not only of the divorce and alimony issues, but also those relating to the custody, care, and maintenance of the child. That jurisdiction continued so long as was necessary to make effective the court's orders and decrees in the determination of the latter issues." Elkins v. Elkins, 55 App.D.C. 9, 10, 299 F. 690, 693. It follows that only "some form of notice by personal or substituted service" was necessary in respect to appellant's motion. Cf. Griffin v. Griffin, 327 U.S. 220, 228, 66 S.Ct. 556, 560, 90 L.Ed. 635.

Reversed.