DOROTHY ATTEBERY, APPELLANT, v. VIRGIL ATTEBERY, APPELLEE.

111 N. W. 2d 553

Filed November 10, 1961. No. 35017.

*Maupin, Dent, Kay & Satterfield, Thomas O. David,* and *James J. Duggan,* for appellant.

*Sam S. Diedrichs,* for appellee.

672

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

The present proceeding was brought by Virgil Attebery, defendant and appellee herein, to set aside a decree of divorce obtained by the plaintiff and appellant Dorothy Attebery, whose name is now Dorothy Hulett, in the district court for Lincoln County, Nebraska, on August 15, 1935. The defendant's petition to vacate was filed in the original action May 8, 1959. The grounds urged to set aside the decree were that the only allegation of the original petition for divorce given as grounds for divorce was that the defendant, after a plea of guilty to the crime of jail breaking, was sentenced to the State Reformatory for Men at Lincoln, Nebraska, for the term of 1 to 2 years. At the time of the divorce action and at all other times the statutes of Nebraska required a minimum sentence of 3 years in the state reformatory or penitentiary as grounds for divorce; that no other ground was set out either in the petition or decree; and that the action of the court in granting the divorce was null and void from its inception because no ground for divorce authorized by the statute was stated.

Plaintiff filed an answer which contained a general denial and also alleged that the defendant was estopped to deny the validity of the divorce decree because of his acceptance of the benefits thereof by his subsequent marriage; and that he was guilty of laches in waiting more than 20 years before instituting proceedings attacking the validity thereof. It contained other allegations which in view of our decision will be unnecessary to discuss. The reply was a general denial.

The transcript shows the allegations of the plaintiff's original petition and findings in the decree of 1935 were as alleged in the defendant's petition to vacate. An absolute divorce was granted with provision for defendant to pay $20 a month child support. The defendant Virgil Attebery was personally served with a summons

in Lancaster County, Nebraska, on July 9, 1935, which summons was endorsed "Absolute Divorce and Equitable Relief."

The evidence at the trial was brief. Defendant who was present at the trial was first called. He stated he was married after the divorce on December 27, 1946, at Greenville, Georgia; and that he returned to Nebraska in 1951 for a short time and then in 1953 to stay. No issue was born of the marriage.

Plaintiff's deposition taken before trial was then read in evidence. She testified she had resided continuously in California since early in 1937. She married her present husband Duard W. Hulett on December 18, 1938. The two children of her marriage with defendant lived with her and her second husband until their maturity. Both children attended high school and thereafter went to college, the son for 5 years and the daughter for 2 years. Their maintenance and education had been paid for by her second husband. The defendant had paid nothing for the support of the children or herself except a gift of one dollar to the children occasionally on their birthday. She had received nothing from the court. When the daughter was 18 years of age she had asked for financial assistance from defendant for an operation for the daughter and likewise on one occasion for shoes for the son, but defendant did not comply.

After the deposition was read the defendant testified in rebuttal that at certain periods after the divorce and prior to plaintiff's remarriage, he and plaintiff had lived together as husband and wife; that on those occasions he had rendered financial assistance; that he gave her money "right along"; and that he had contributed to the children. At one period he sent $5 a week to the daughter for ballet lessons; that he always sent the daughter $25 per month; and that if she had saved her money she could have paid for her operation. He also sent the boy $50 per month while he was in San Diego

over an undisclosed period of time.

The trial court held for defendant that the decree of divorce was void ab initio and entered an order setting it aside.

Plaintiff's motion for new trial was overruled. She then brought the matter to this court on appeal.

Plaintiff assigns as error that the order vacating the decree is not sustained by the evidence and is contrary to law; and that the court below erred in not finding the defendant estopped by virtue of the acceptance of the benefits of the decree by remarriage, and in not finding him guilty of laches in waiting 23 years before instituting proceedings to set aside the decree. Other assignments of error are made which are not necessary to discuss.

We sustain the assignments as to those errors mentioned.

The only conflict in the evidence is in regard to the extent of the payments of defendant made to the plaintiff and the children. It is to be observed that in the defendant's testimony the time and method of payments alleged to have been made to the wife are not disclosed. Also the length of the periods over which he contributed to the children are not given, and it would appear that the payments to them must have been made when they were at least approaching maturity.

Much space is given in the briefs filed as to whether the divorce decree was void or voidable. We do not feel this is necessary for the court to decide. It seems that the disposition of the matter in controversy turns on the question of whether the defendant under the admitted facts is in position to maintain the proceeding or whether he is barred by estoppel and laches under the circumstances from attacking the decree in either event.

The general rule with regard to estoppel as applied to the present proceeding is set forth in 17 Am. Jur., Divorce and Separation, § 516, p. 612, as follows: "One

seeking relief from a divorce decree may, by reason of his conduct subsequent to the rendition of the decree, be estopped from attacking it. Thus, one cannot be relieved from a judgment of divorce after using the privileges which it confers; in other words, one cannot accept benefits of a decree and not be bound by its burdens. * * * Generally, it is held that if one against whom a divorce decree has been granted remarries, he or she is thereafter estopped to assail the validity of the divorce, but even this rule may be subject to exception, as in a case where it appears that the divorce was obtained by a fraud upon the court and with the purpose to keep the defendant in the divorce action uninformed as to the suit and the granting of a decree."

Also the party against whom the divorce is obtained may be barred if he delays proceedings to assail the decree after he has knowledge thereof and allows the other party to remarry and involve innocent persons. These rules are set out in 17 Am. Jur., Divorce and Separation, § 517, p. 613, as follows: "Notwithstanding the existence of the power to vacate a decree after the marriage of the plaintiff, it has been said that there is a manifest reluctance to do so and that the power should be exercised with great caution. This does not mean that the granting of relief is entirely within the uncontrolled discretion of the trial court, but it does mean that the court will scrutinize the case carefully to determine whether laches affects the right to relief, and that the petitioner is required to show that he is acting from good motives, and not from any expected personal advantage, and that he must establish the grounds for setting aside the default decree 'by the clearest and most satisfactory evidence.' On the other hand, the conduct of the second spouse may be such that she or he is not entitled to any consideration in determining whether to vacate or set aside the divorce decree, as where the second wife lived with the husband before he

obtained a divorce, or knew of the important facts before marrying him."

There are not many Nebraska cases brought long after decree seeking to set aside a divorce. Most of them are proceedings either to vacate or modify them within term as was done hitherto or within the 6-month period now provided before the divorce becomes final under section 42-340, R. R. S. 1943. Some of them are matters that have proceeded under sections 25-2001 to 25-2009, R. R. S. 1943, to vacate or modify judgments at a subsequent term. Many of the cases are not applicable here.

However, this court has held that independently of all of these methods of attacking a decree of divorce the courts of general jurisdiction in this state have power in an appropriate case to open up such judgments. Smithson v. Smithson, 37 Neb. 535, 56 N. W. 300, 40 Am. S. R. 504; Wisdom v. Wisdom, 24 Neb. 551, 39 N. W. 594, 8 Am. S. R. 215, the latter case cited and approved in Shinn v. Shinn, 148 Neb. 832, 29 N. W. 2d 629, 174 A. L. R. 510.

In Wisdom v. Wisdom, *supra,* our court held that a divorce decree could under the circumstances described therein be set aside. The cited case was tried on demurrer. The facts stated in the petition are set out in detail in the report. They are such that any court of equity would heed. They recite a case of gross fraud; fraud in deserting an incompetent wife and running away with a neighboring woman with whom the defendant became enamoured and had illicit relations. They came to this state and each secured a divorce on false and fraudulent averments and evidence, and after the second divorce were immediately married, leaving the innocent and incompetent first wife and children without support. The facts in the cited case are only briefly outlined here. They are mentioned so that the import of the remarks of the court towards the close of the opinion may be better understood. The court

there said: "We are not unmindful of the fact that courts will always hesitate to set aside a decree of divorce, and especially so where a second marriage has intervened, under which children have been begotten, or rights may have become vested, but it is equally true that cases have arisen, even under the circumstances named, where courts have not refused to set aside decrees of divorce.

"We are not embarrassed by these conditions in this case, for there are no children by the second marriage, and if the allegations of the petition are true, which must be assumed, Mrs. Knox is in no sense an innocent party and can claim no rights as such."

The case of In re Estate of Nelson, 81 Neb. 363, 115 N. W. 1087, involved a claim for widow's allowance made in probate court by one claiming to be the surviving spouse. A divorce decree from the claimant had previously been had by the decedent who had remarried before death. Claimant contended the divorce was void because the petition did not state facts sufficient to constitute a cause of action and the decree was obtained by fraud and collusion. The court held that the decree was not void and that the petition was not a test of jurisdiction. However, the following remarks of the court in regard to the question of estoppel are quite pertinent: "The record shows that plaintiff appeared in the divorce suit, filed her answer, and ratified the decree entered by accepting the provision made for her therein. She subsequently acquiesced in that decree, and permitted her former husband to marry another woman on the strength of it. She never performed, or attempted to perform, any marital duties after the entry of the decree, and never asserted any claim that she was the wife of Nelson until after his death, when she thought she saw a chance to obtain another slice of his estate. To permit her to come into court at this time and disgrace the memory of her former husband and fasten the crime of bigamy upon an innocent woman, in order to

entitle her to obtain a moiety of his estate, would be a travesty upon justice; and, even if there were not ample authority to sustain us, we would not hesitate to hold, as a case of first impression, that plaintiff is estopped."

There are very few other cases of our own court touching the situation that we have here, but we are favored by many from sister states and will discuss a few of them.

Swift v. Swift, 239 Iowa 62, 29 N. W. 2d 535, is a case where the wife procured the divorce. The court held that the decree was void because the husband had not been served with process before decree; that the husband however knew of the decree within 15 days thereafter; that he knew his former wife was keeping company with and intended to marry a man whom she had not met until after the divorce; and that he did nothing for 6 months but after the marriage he then brought action to set aside the decree. The Iowa court held that the plaintiff was precluded by laches and estoppel and lack of good faith from seeking annulment of the decree for want of jurisdiction.

Packer v. Packer, 6 App. Div. 2d 464, 179 N. Y. Supp. 2d 801, was an action to vacate decree brought by the wife where the husband secured a divorce in Virginia. He never established a valid residence there of any kind let alone sufficient duration to satisfy the divorce laws. She was neither served nor did she appear. She later knew of it and there was some evidence that she participated in procuring it. Seven years later she remarried and the husband remarried and had a child. The syllabus, amply borne out by the opinion, states briefly: "Mail order divorce obtained in foreign country does not have even sufficient vitality to create an estoppel against spouse who obtains it in an action to establish marital status; but it may suffice to preclude spouse from asserting a private claim or demand arising out of marriage.

"Even if plaintiff had not participated in divorce ar-

rangements, she would be precluded, by reason of her subsequent marriage to another, from obtaining relief sought in her action to have divorce decree declared void and annul her subsequent marriage to another."

In Patterson v. Patterson, 164 Kan. 501, 190 P. 2d 887, the wife sought in 1947 to set aside a divorce obtained by her husband in 1934. She had remarried twice thereafter. The court said: "* * * plaintiff has treated the divorce decree which Leroy L. Patterson procured from her March 30, 1934, as valid on at least three important occasions. It is well settled that one who takes the benefit of a decree of the court is estopped thereafter from questioning its validity."

The Supreme Court of Arizona in Green v. Green, 77 Ariz. 219, 269 P. 2d 718, in an action brought by the party against whom the decree had been entered to set it aside where the prevailing party had remarried, said: "Clearly, under this finding, the court in fact had no jurisdiction over the subject matter of the action and as to an innocent party it would no doubt be set aside. Under certain circumstances, however, the parties may be estopped to question the validity of a judgment for lack of jurisdiction. As applied to a divorce decree, the general rule is that if one's conduct has led to the obtaining of the decree, or if his conduct for any other reason has been such as would make it inequitable to allow him to deny the validity of the decree, the courts will not listen to his pleas of invalidity. Restatement of the Law, 1948 Supplement, Conflict of Laws, section 112, comment (c). Under such circumstances, equity closes the door and refuses to disturb the situation thus created. This is not the equivalent of allowing parties to confer jurisdiction by consent; it is merely saying the court refuses to grant relief to a guilty party."

The following cases from the jurisdictions shown are to the same effect but it will not be necessary to discuss them at length. Wendell v. Wendell, 111 Cal. App. 2d 899, 245 P. 2d 342; Littlefield v. Littlefield, 199 Mo.

App. 456, 203 S. W. 636; Joy v. Miles, 190 Miss. 255, 199 So. 771. Further discussion of authorities is needless. Many other cases are gathered together in the analysis in the note to Bussey v. Bussey, 95 N. H. 349, 64 A. 2d 4, 12 A. L. R. 2d 151. They are separately grouped in different numbered portions of the note as affected by whether the party seeking to set aside the decree is guilty of laches or is by his actions estopped, a great many holding that under the facts of the particular case the applicant is barred by reason of both.

It is worthy of note that no question of collusion, concealment, or fraud of the plaintiff appears in this proceeding. The defendant was served with a summons that was endorsed "Absolute Divorce and Equitable Relief." He had the usual time in which to answer and the time allowed to him by our code in which to seek reversal, vacation, or modification of the decree. He chose to do nothing for over 20 years.

After waiting 3 years the plaintiff in this case remarried. She has lived with her second husband ever since December 1938. The defendant's children given by the decree to plaintiff have been nurtured and cared for by the plaintiff and her second spouse from tender years to maturity. They appear to have been supported at least in part by the second husband, an innocent person in all events. So now after 23 years this defendant, who likewise has remarried, for the first time comes into court and asks to have the decree of divorce entered in 1935 vacated and held for naught.

A husband who waits for more than 20 years after a decree of divorce is obtained by his wife against him with timely knowledge of the proceeding in which it was entered, during which time his wife after waiting 3 years is remarried, and the husband leaves his children of tender years to be, in part, cared for and nurtured till maturity by the divorced wife and her second husband, and who himself during that time remarries, is guilty of laches and comes into court with unclean hands and is

estopped to question the validity of the decree. These are the only questions necessary for this court to decide.

The judgment of the trial court is reversed and the cause is remanded with directions to set aside the order vacating the decree of divorce and to reinstate the decree at the defendant's costs.

REVERSED AND REMANDED WITH DIRECTIONS.