Estelle DIESENHOF, Appellant,

v.

Norman GLASS, Appellee.

No. 3077.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 29, 1962.

Decided Dec. 28, 1962.

Morton Kudysh, Washington, D. C., for
appellant.

Jean M. Boardman, Washington, D. C.,
for appellee.

Before HOOD Chief Judge, and QUINN
and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal presents the question wheth-
er the trial court was correct in holding
that an Oklahoma judgment was not en-
titled to full faith and credit.

Appellant is the former wife of appellee.
They were divorced in Oklahoma in 1942
and appellee was ordered to make support
payments for their minor children. He left
Oklahoma in 1946 and has failed to make
the support payments. In 1960, on motion
of appellant, the Oklahoma court deter-

mined that the arrearage in support payments amounted to $5,900 and entered judgment against appellee for that amount. Thereafter appellant brought this action against appellee on the Oklahoma judgment. Appellee contended that the Oklahoma court lacked jurisdiction; the trial court sustained his contention; and this appeal followed.

Appellee concedes that the Oklahoma court had personal jurisdiction over him at the time it granted the divorce and ordered the support payments; but he argues that the Oklahoma court had no personal jurisdiction over him when it granted judgment for the arrearages and therefore the judgment was invalid and consequently not entitled to full faith and credit.

 In Darden v. Darden, D.C.Mun. App., 144 A.2d 697, we recognized the generally accepted rule that where personal jurisdiction is acquired in a divorce proceeding and an order is made requiring future payments of support or alimony, a proceeding to render judgment for arrears in such payments is not a new and independent action requiring personal service. All that is required is some form of notice reasonably calculated to give notice and an opportunity to be heard.[1]

Under our ruling in Darden the only question here is whether reasonable steps were taken to give appellee notice of the proceeding to reduce the arrears to judgment and an opportunity to appear and be heard. The judgment papers show that a copy of the motion and publication notice was sent by registered mail, with instructions "Deliver to Addressee Only" and "Return Receipt Requested," addressed to appellee at 1711 22nd Street, North Arlington, Virginia. This letter was later returned marked "Unclaimed" but with a notation indicating that appellee on two occasions, five days apart, was notified to call for the letter.

We think these facts clearly establish that reasonable means were taken to give appellee notice of the proceeding, and that his failure to receive actual notice was due to his own inaction. In attacking the Oklahoma judgment appellee did not deny that the address on the registered letter was his correct address and did not deny receiving notice that the letter was available to him at the post office. Indeed, his attorney conceded that "a realistic attempt was made to give this defendant notice of the pendency of the proceeding in Oklahoma."

 The Oklahoma judgment was entitled to the presumption of jurisdiction over both the subject matter and the persons; and the burden of showing otherwise rested on appellee.[2] He did not meet that burden.

Reversed with instructions to enter judgment for appellant.

---

1. See also, Kinney v. Kinney, 90 U.S.App. D.C. 346, 196 F.2d 587.

2. Cook v. Cook, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146.