MARVIN L. KOCH, APPELLEE, v. MAE ETTA KOCH, NOW SINCE HER REMARRIAGE, MAE ETTA GOULD, APPELLANT.

123 N. W. 2d 642

Filed October 11, 1963. No. 35459.

William L. Walker and Earl Ludlam, for appellant.

Wagener & Marx, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an application by Mae Etta Gould to secure the vacation of an order of the district court consenting to the adoption of her children, Daniel LeRoy and David Charles Koch, ages 9 and 8 years respectively. The application also petitioned the court to grant the custody of the two minor children to the applicant. After trial the trial court vacated the order of the district court consenting to the adoption of the children and denied the petition of Mae Etta Gould for the custody of the children. Mae Etta Gould has perfected an appeal to this court.

We shall herein refer to Mae Etta Gould as Mae and Marvin, L. Koch as Marvin. Mae and Marvin were married on December 30, 1951. They resided in Lincoln, Nebraska, for about 3 years thereafter, during which time, on May 9, 1953, Daniel LeRoy was born. In July 1954 they moved to California. On June 6, 1955, David Charles was born. Shortly after the birth of David

Charles marital difficulties developed. On August 22, 1956, Marvin brought the two children to Lincoln and placed them in the care of his mother. On August 22, 1956, Mae commenced a suit for divorce in California. On October 3, 1956, Marvin commenced a suit for a divorce in Nebraska, a summons being personally served on Mae in California on October 17, 1956. Marvin obtained a default decree of divorce in Nebraska on January 3, 1957. Mae filed a motion to vacate the decree and a motion for a new trial on January 23, 1957. Both motions were withdrawn on May 11, 1957. By the decree of divorce the two minor children then residing within the jurisdiction of the court were awarded to Marvin. Mae married Alfred L. Gould on September 6, 1958, and was divorced from him on May 22, 1961. Mae visited the children in Lincoln during the summers of 1957 and 1960. On July 30, 1960, Marvin married Sharon Greuter after which he established a home in which Daniel LeRoy and David Charles have since lived.

On April 20, 1957, Mae and Marvin entered into a property settlement agreement. In addition to a division of property it was agreed that Marvin was to have the care and custody of Daniel LeRoy and David Charles Koch subject to Mae's right to visit the children at reasonable times in Nebraska; Mae waived her right to support by Marvin and agreed to dismiss with prejudice the divorce action pending in California; and the parties stipulated that such settlement might be incorporated in the judgment of the court in which any divorce action between the parties may be pending.

On September 27, 1961, the district court for Lancaster County, Nebraska, entered its order giving its consent to the adoption of Daniel LeRoy and David Charles Koch by Sharon Marie Koch. On November 15, 1961, Mae filed a motion to vacate the consent to adoption, that the permanent custody of the minor children be awarded to her, and that she be permitted to take them to California.

Marvin denied generally, and it was upon the issues thus raised that the case was tried.

It is the contention of Mae that the decree of divorce obtained in Nebraska was void for want of jurisdiction in that Marvin was at all times after July 1954, and until August 1956, a resident of California. We do not deem it necessary to discuss the question of jurisdiction of the divorce proceeding in that Mae is estopped to assert its invalidity against Marvin. The facts are undisputed that Mae relied upon the validity of the divorce decree by subsequently entering into a marriage with Alfred L. Gould and a property settlement with Marvin. This issue is controlled by Attebery v. Attebery, 172 Neb. 671, 111 N. W. 2d 553, wherein it is said: "The general rule with regard to estoppel as applied to the present proceeding is set forth in 17 Am. Jur., Divorce and Separation, § 516, p. 612, as follows: 'One seeking relief from a divorce decree may, by reason of his conduct subsequent to the rendition of the decree, be estopped from attacking it. Thus, one cannot be relieved from a judgment of divorce after using the privileges which it confers; in other words, one cannot accept benefits of a decree and not be bound by its burdens. * * * Generally, it is held that if one against whom a divorce decree has been granted remarries, he or she is thereafter estopped to assail the validity of the divorce,'" subject to exceptions not applicable here. See, also, In re Estate of Nelson, 81 Neb. 363, 115 N. W. 1087; Carpenter v. Carpenter, 146 Neb. 140, 18 N. W. 2d 737.

Mae appears to contend that irrespective of her estoppel to raise the question of jurisdiction of the court in granting the original divorce decree, she may properly assert her right to the custody of the children. The default divorce decree found that Marvin was a fit and proper person to have the exclusive care, custody, and control of the minor children of the parties and that Mae was neither a fit nor proper person to have such care, custody, or control. In addition thereto, in the

property settlement the parties agreed that Marvin should have their care and custody. Mae offered no evidence of any changed conditions that necessitated a change of custody. On the other hand, the evidence establishes that the children are well cared for in the home of Marvin and Sharon, that they are well adjusted and happy, and that they have great affection for both Marvin and Sharon. Mae testified that as far as she was able to observe during her visits in Lincoln in 1957, 1960, and 1962, the children appeared to be well cared for and that she had no objections to make in that respect.

The evidence shows that Mae has a good home in Anaheim, California, which would be adequate for the care of the children. She is employed and earns a gross income in excess of $400 per month. Her mother, who is to live with her, would care for the children during her working hours. There is no evidence of her present unfitness to have the custody of the children.

We point out, however, that Marvin has had the custody of these children since August 22, 1956. Mae has been somewhat indifferent to their welfare since that time, although she sent them presents a few times. She did visit them twice prior to the trial during the 6 years they have been in the care and custody of Marvin.

The best interests of the children require that they be left in the care and custody of Marvin and Sharon. For 6 years they have been cared for properly, first by Marvin and his mother and then by Marvin and Sharon. All the evidence points to the fact that they have a good home, that they are adjusted and happy, and that they are being properly cared for. They are doing well in school, and proper religious training is being afforded. No reason appears from the evidence why these children should be taken from their present environment and their care and custody placed elsewhere. The evidence preponderates in favor of a finding that the best interests of the children require that the application be

denied and that their care and custody be left with Marvin and Sharon.

The decision in this case is controlled by the case of Stanley v. Stanley, 155 Neb. 125, 50 N. W. 2d 558, a case very similar on its facts to the present case. In that case we said: "Little more can be said in favor of the requested change than that the defendant is the mother of the child; that she desires custody; that her husband is more affluent than the plaintiff; and that the proposed new environment is more physically attractive. This is not regarded as a sufficient change of circumstances to justify an award of the custody of this child to the defendant."

It is a sound principle of law that where one of the parents has had custody of a child for a long period of time, in this case for 6 years, during which time it has been properly cared for and strong mutual attachments thus permitted to develop, the welfare of the child will best be served by leaving it with the parent to whom the child has become attached. Williams v. Williams, 161 Neb. 686, 74 N. W. 2d 543. There was no change of circumstances shown by the record which would sustain a change of the custody of the children. Nor is there any evidence to sustain a finding that the best interests of the children require a change in their custody. The judgment of the trial court is in conformity with this finding and it is approved.

Complaint is made that the trial court erred in not extending the right of visitation beyond that granted in the original decree of divorce. The decree of divorce provided: "* * * that the defendant shall have the right to visit with said children in the State of Nebraska at all reasonable times; * * *." We point out that Mae is a resident of the State of California and that she desires that the order of the trial court be amended to permit visitation by the children in that state. The better practice is to keep the custody of children within the jurisdiction of the court having control over them, un-

less the best interests of the children demand otherwise. Young v. Young, 166 Neb. 532, 89 N. W. 2d 763; Caporale v. Hale, 169 Neb. 751, 100 N. W. 2d 847; York v. York, 246 Iowa 132, 67 N. W. 2d 28. We find no error in the award of visitation rights by the trial court.

It is contended that the trial court erred in not granting an attorney's fee to the former wife. In Vasa v. Vasa, 165 Neb. 69, 84 N. W. 2d 185, this court said: "In a divorce action it is ordinarily within the discretion of the court to allow or refuse to allow suit money and attorney's fees." In this case the custody of the children had been with Marvin. No change in circumstances was pleaded or proved. Mae had agreed in writing that the custody of the children was to be given to Marvin. She found no fault with the care that had been given them. The trial court, under such circumstances, did not abuse its discretion in denying an attorney's fee. The request for the allowance of an attorney's fee in this court is likewise denied.

The judgment of the juvenile court is in all respects correct and it is affirmed.

AFFIRMED.

WHITE, C. J., not participating.