Otis **RICHARDSON, Jr.,** Appellant,

v.

Gertrude **RICHARDSON,** Appellee.

No. 5480.

District of Columbia Court of Appeals.

Submitted Jan. 19, 1971.

Decided April 20, 1971.

King David, Washington, D. C., for appellant.

Dovey J. Roundtree, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM:

On August 28, 1969, in the Domestic Relations Branch of the District of Columbia Court of General Sessions, appellee-wife was granted a judgment of absolute divorce in which there was incorporated an order compelling appellant-husband to pay alimony and child support. An appeal from that judgment was not perfected for the reason, among others, that "the [appellant] intends to remarry in the near future and would therefore prefer to forego this appeal." In June of 1970 appellee filed a motion and affidavit for contempt claiming that appellant was in arrears in his payments. Appellant, who was not present at the contempt hearing, but who was represented by counsel, was cited for contempt and appeals. We affirm.

Appellant argues that the court lacked jurisdiction to enter the original

judgment of divorce,[1] thus making any subsequent action based on the decree null and void. His argument stems from the assertion that at the time the complaint for divorce was originally filed neither party was a resident of the District of Columbia. While this contention was raised in the affidavit in lieu of answer to the complaint for divorce,[2] it was not thereafter mentioned in the record prior to trial and since there is no transcript of the proceedings at trial we must assume that if the issue was then in dispute the trial court found as a fact that it had jurisdiction to enter a judgment of divorce.[3] On the inconclusive record before us this court cannot now say that the trial court lacked jurisdiction to enter the original decree, and jurisdiction, once attached, remains throughout any subsequent proceeding to recover arrearage payments of alimony or support.[4]

Appellant's final claim of error that the evidence was insufficient as a matter of law to sustain a finding of contempt is without merit.

Affirmed.

Appellant argues that he was denied procedural due process because he was not personally served with notice of the contempt hearing. Personal service of a contempt motion is not required.[5] Appellant received adequate notice of the hearing from his attorney of record, who had been served with the motion, and who advised appellant of the day and the time of the hearing. It was therefore within the power of the trial court to adjudge appellant in contempt.

1. If there has been a remarriage, as has been alleged, there is a question whether appellant is estopped to attack the validity of the divorce. Svatonsky v. Svatonsky, 63 Wash.2d 902, 389 P.2d 663, 665 (1964); Koch v. Koch, 175 Neb. 737, 123 N.W.2d 642, 644 (1963); Attebery v. Attebery, 172 Neb. 671, 111 N.W.2d 553, 555 (1961). No evidence of remarriage was presented to the trial court so we do not discuss this issue.

2. Because of the contradictory factual assertions in the briefs, we found it necessary to examine the original file of the case. D.C.C.A.Gen.Rule 31 (1970).

3. Appellant's counsel stated in the contempt hearing that when the suit was filed he believed "at that time * * * I think [appellant] was a resident of the District of Columbia." (Tr. 2.)

4. Sewell v. Trimble, 84 U.S.App.D.C. 193, 193–194, 172 F.2d 27, 27–28 (1948); Diesenhof v. Glass, D.C.Mun.App., 186 A.2d 892, 893 (1962); Darden v. Darden, D.C.Mun.App., 144 A.2d 697, 699 (1958); 168 A.L.R. 232, 234.

5. Ebert v. Ebert, 80 U.S.App.D.C. 69, 70, 148 F.2d 226, 227 (1945); Tilghman v. Tilghman, 57 F.Supp. 417 (D.C.D.C. 1944). See GS Dom.Rel.Rule 3(a) (1964), which was then in effect.